[Cite as *State v. Thomas*, 2013-Ohio-5365.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-032** |
| TYMIKA THOMAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 12 CR 000257.

Judgment: Reversed and remanded.

*Charles E. Coulson,* Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker,* 38109 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Tymika Thomas, appeals from the Judgment Entry of Sentence of the Lake County Court of Common Pleas, sentencing her to an aggregate term of five years in prison for Burglary, Robbery, and Obstructing Justice. The issues to be determined by this court are whether the State violates a plea agreement by giving a sentencing recommendation to the court, with the qualification that the recommendation was agreed to by a prior prosecutor, and whether plain error is

committed when the trial court does not merge charges for Burglary and Robbery after the court and prosecutor agreed during the plea hearing that the charges should merge. For the following reasons, we reverse the judgment of the lower court and remand for further proceedings consistent with this opinion.

{¶2} On September 21, 2012, Thomas was indicted by the Lake County Grand Jury on one count of Aggravated Robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1); one count of Robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2); one count of Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1); two counts of Burglary, felonies of the second degree, in violation of R.C. 2911.12(A)(1) and (2); one count of Grand Theft, a felony of the third degree, in violation of R.C. 2913.02(A)(1); one count of Theft from an Elderly Person, a felony of the third degree, in violation of R.C. 2913.02(A)(1); and one count of Obstructing Justice, a felony of the third degree, in violation of R.C. 2921.32(A)(5).

{¶3} A change of plea hearing was held on January 22, 2013. The court noted that Thomas had reached an agreement to plead guilty to one count of Robbery, one count of Burglary (the charge in violation of R.C. 2911.12(A)(1)), and one count of Obstructing Justice, in return for the State's request to dismiss the remaining counts.

{¶4} At the plea hearing, the State described the facts that would have been proven at trial. The court noted that "the only thing not arising out of the same set of circumstances which encompass the robbery, the burglary, the grand theft and the theft from an elderly person is the obstructing justice," with which the State agreed. The court asked: "So when it comes time for sentencing would everything but the obstruction

2

merge?", to which the prosecutor responded that the charges of Burglary and Robbery would merge.

{¶5} On January 23, 2013, the Written Plea of Guilty was filed. On January 24, 2013, a separate Judgment Entry was filed, stating that the court accepted the plea of guilty. The trial court entered a Nolle Prosequi on the remaining counts of the indictment.

{¶6} At the sentencing hearing, held on February 28, 2013, the prosecutor stated the following:

{¶7} [T]he State would ask the Court to consider [the] facts * * * against the purposes and principles of sentencing. And to give an appropriate sentence in this case. I will say, Your Honor, as discussed in chambers, that it's my understanding that [defense counsel] and [the] prior State's attorney on this case had a discussion regarding potential sentencing recommendations the State would make prior to the Defendant entering a guilty plea. I'm told that based on that conversation it was the Defendant's belief that the State was going to recommend a 3 year prison sentence, and that the Defendant relied upon that idea in entering her guilty pleas. I have no writing to refute that, and having been informed of it, I have no choice, I'm bound to honor that prior statement and recommend 3 years.

{¶8} The court confirmed that "the State's recommendation is 3 years in prison," to which the State responded affirmatively. The court, in issuing its sentence,

3

noted that it considered this recommendation. The court ordered Thomas to serve a term of five years in prison for Robbery, five years for Burglary, and nine months for Obstructing Justice. The sentences were ordered to be served concurrently, for a total prison term of five years. Thomas was also ordered to pay restitution in the amount of $24,700.

{¶9} On March 4, 2013, a Judgment Entry of Sentence was filed, memorializing Thomas' sentence.

{¶10} Thomas timely appeals and raises the following assignment of error:

{¶11} "The state breached the plea agreement when it failed to recommend a three-year sentence at the sentencing hearing, without reservation. This breach violated Ms. Thomas' right to due process under the United States (*Santobello*) and Ohio (*Mathews*) Constitutions."

{¶12} Thomas argues that the State breached the plea agreement when the prosecutor "expressed distaste" with the three-year sentencing recommendation and gave such recommendation to the court "begrudgingly and reluctantly." She argues that since the recommendation was given with reservations, the agreement was breached.

{¶13} The State argues that it gave the agreed upon recommendation to the court, with the prosecutor merely explaining the circumstances surrounding the plea agreement. The State asserts that this did not amount to a breach.

{¶14} In failing to object to the State's alleged improper recommendation at a sentencing hearing, a defendant waives his rights to appeal the breach of a plea agreement and a plain error analysis is applicable. *State v. Fetty*, 11th Dist. Portage No. 2010-P-0021, 2011-Ohio-3894, ¶ 22. "Plain errors or defects affecting substantial

4

rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). An alleged error constitutes plain error only if the error is obvious and, but for the error, the outcome of the trial clearly would have been different. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 108.

{¶15} "A negotiated plea agreement is essentially a contract between the state and the defendant." *Fetty* at ¶ 21. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 43 ("a prosecutor has an affirmative obligation to fulfill the terms of a plea agreement in their entirety"). The remedy for a breach of a plea agreement involves "either allowing withdrawal of the negotiated plea or requiring the state to fulfill its end of the bargain." *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist.1982).

{¶16} In the present case, the exact terms of the plea agreement are not entirely clear, since no written plea agreement is included in the record. However, the prosecutor did explain at the plea hearing that Thomas' plea was based on her reliance on a sentencing recommendation. Both parties agreed that a plea deal existed and that a three-year sentence recommendation was part of that agreement.

{¶17} Presuming that there was a valid plea agreement, the record does not support a holding that the State breached it when giving its sentencing recommendation to the court.

5

{¶18} The prosecutor stated that, in his understanding, based on plea negotiations, "it was the Defendant's belief that the State was going to recommend a three-year prison sentence and * * * the Defendant relied upon that" in entering her plea. He further explained that he had no evidence to refute the existence of such an agreement and that he had to "honor that prior statement and recommend 3 years." Defense counsel agreed with this and explained that this was the basis of the plea deal.

{¶19} Based on the record, the State did recommend a three-year sentence to the court, which was confirmed by the trial court prior to its issuance of the sentence. The State complied with the plea bargain, as described during the sentencing hearing.

{¶20} Thomas argues, however, that, although the three-year recommendation was given, the prosecutor was reluctant when offering that recommendation to the court.

{¶21} The State is not required to be enthusiastic or convincing in giving its recommendation. This court has noted, in circumstances where the plea agreement included a requirement for the State to make a recommendation at a parole hearing, that, although the prosecutor "lacked enthusiasm, * * * the plea agreement did not commit him to exude any particular level of zeal" when issuing his recommendation. Instead, the prosecutor was only required to comply with the duty to make the recommendation. *State v. Olivarez*, 11th Dist. Lake No. 97-L-288, 1999 Ohio App. LEXIS 1434, 16 (Mar. 31, 1999). *See United States v. Benchimol*, 471 U.S. 453, 456, 85 L.Ed.2d 462, 105 S.Ct. 2103 (1985) (finding no breach of the plea agreement or violation of Fed.R.Crim.P. 11 when the prosecutor "left an impression with the court of less-than-enthusiastic support for leniency").

6

**{¶22}** Further, it appears from the prosecutor's statements that he was simply explaining the circumstances surrounding the plea agreement and noting that he had not been a part of the negotiations and did not arrive at the recommendation himself. He did not state that he disagreed with the recommendation or that it would be an improper sentence.

**{¶23}** While Thomas cites *Santobello* in support of her contention that the State breached the plea agreement, in that case, the State directly violated the plea agreement by giving a sentencing recommendation when it agreed not to do so. 404 U.S. at 262, 92 S.Ct. 495, 30 L.Ed.2d 427. *Santobello* is distinguishable, since the required recommendation was given by the State at the sentencing hearing in this matter.

**{¶24}** Thomas' sole assignment of error is without merit.

**{¶25}** In its brief, the State raises an additional potential error, noting that the trial court failed to merge the Burglary and Robbery convictions prior to sentencing. Although this issue was not raised by the appellant, courts have considered similar arguments when raised by the State, especially when they are related to plain error in merger or may warrant reversal. *See State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 27 ("although not raised by appellant, the state raises the issue of merger," which the court addressed); *State v. Ramirez*, 6th Dist. Lucas No. L-11-1263, 2013-Ohio-843, ¶ 21.

**{¶26}** Thomas did not object to the trial court's failure to merge the charges, so this issue must be evaluated under a plain error standard. The Ohio Supreme Court has held that the "imposition of multiple sentences for allied offenses of similar import is

7

plain error." (Citation omitted.) *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31.

{¶27} R.C. 2941.25(A) provides that "[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

{¶28} A review of the sentencing transcript and the Judgment Entry of Sentence reveals that the court did not merge any of the three charges to which Thomas pled guilty. The transcript of the change of plea hearing establishes that the merger issue had been discussed by the court and the prosecutor. The court asked: "So when it comes time for sentencing, would everything but the obstruction merge?" The State responded, "I believe so. I think we would * * * make an agreement that we would agree that those would merge, other than the obstruction count." The court then noted that "in reality, the maximum sentence * * * is really 11 years rather than 19, if we were to look at it from a merger sense," with which the State agreed. The court then explained that it had been "nipped on the merger thing recently." The court asked Thomas if she heard and understood the conversation regarding merger, to which she responded affirmatively, and the court accepted her guilty plea.

{¶29} Based on the foregoing discussion, both the judge and the prosecutor agreed that the charges of Robbery and Burglary should merge at sentencing. Thomas was made aware of this conversation prior to the entry of her guilty plea. The issue of merger was not further addressed at the sentencing hearing or in the Judgment Entry of Sentence and the court's determination, based on its statements at the plea hearing,

8

that the offenses should merge was not properly applied at sentencing to merge the Robbery and Burglary convictions.

{¶30} There is no question that the Obstructing Justice offense does not merge and that no error was made as to this offense. However, since the court failed to merge the Robbery and Burglary offenses as agreed to at the plea hearing, we must remand to the trial court. On remand, "[t]he state retains the right to elect which allied offense to pursue on sentencing," i.e., either the Robbery or the Burglary. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph one of the syllabus. "Once the state selects the crime for which appellant shall be convicted, we direct the trial court to hold a new sentencing hearing, merge the convictions, and impose a single sentence for the elected offense." *State v. Grega*, 11th Dist. Ashtabula No. 2012-A-0036, 2013-Ohio-4094, ¶ 72. *See Whitfield* at paragraph two of the syllabus ("[u]pon finding reversible error in the imposition of multiple punishments for allied offenses, a court of appeals must * * * remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant").

{¶31} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Thomas to an aggregate term of five years in prison for Burglary, Robbery, and Obstructing Justice, is reversed and remanded for further proceedings consistent with this opinion. Costs to be taxed against the appellee.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

9