OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Clinton County Court of Common Pleas dismissing 513 counts of pandering sexually-oriented matter involving a minor against defendant-appellee, James McCartney.
 {¶ 2} In March 2002, appellee was indicted on 533 counts of pandering sexually-oriented matter involving a minor in violation of R.C.2907.322(A)(1), all counts being second-degree felonies. Pursuant to a plea agreement reached by appellee and the state, appellee pled "no contest" to 20 counts of pandering sexually-oriented matter involving a minor in violation of R.C. 2907.322(A)(5), all of those counts being fifth-degree felonies. Appellee and the state did not reduce the plea agreement to writing. However, the transcript of the plea hearing indicates that the state agreed to dismiss the remaining 513 counts once the court's sentencing entry was journalized. The common pleas court subsequently convicted appellee of the 20 counts to which he pled "no contest."
 {¶ 3} The common pleas court held a sentencing hearing in September 2003, after which it journalized an entry sentencing appellee to a total of three years in prison. The court stayed the execution of the sentence pending appellee's appeal to this court. This court subsequently ruled on appellee's appeal, affirming the common pleas court's sentencing determination. See State v. McCartney, Clinton App. No. CA2003-09-023, 2004-Ohio-4781. The common pleas court then ordered appellee to appear in court on October 1, 2004 for the execution of his sentence. Appellee failed to appear on that date. The court issued a capias for appellee's arrest, and he was soon apprehended. After appellee appeared in court on November 4, 2004, the court issued a judgment entry executing appellee's sentence.
 {¶ 4} On December 1, 2004, the state moved to proceed to trial on Counts 21 through 40 of the indictment, which it had not yet dismissed. The state argued that appellee had breached the plea agreement by failing to appear in court for the execution of his sentence, and that it was no longer obligated to dismiss the remaining counts. Appellee subsequently filed a motion to dismiss Counts 21 through 533 of the indictment. The common pleas court denied the state's motion, and granted appellee's motion. The court found that the state was bound by the plea agreement to dismiss Counts 21 through 533 because the court's sentencing entry as to Counts 1 through 20 had been journalized.
 {¶ 5} The state now appeals, assigning one error as follows:
 {¶ 6} "THE LOWER COURT ERRED IN DETERMINING THAT THE APPELLEE DID NOT VIOLATE TERMS OF THE PLEA AGREEMENT AND ORDERING THE DISMISSAL OF THE REMAINING COUNTS CONTAINED IN THE INDICTMENT."
 {¶ 7} In its lone assignment of error, the state argues that appellee breached the plea agreement when he failed to appear in court on October 1, 2004 for the execution of his sentence. The state argues that because appellee breached the plea agreement, the state was no longer obligated to dismiss Counts 21 through 533 of the indictment. Therefore, the state argues that the common pleas court erred in granting appellee's motion to dismiss Counts 21 through 533.
 {¶ 8} A plea agreement is contractual in nature. State v. Todd, Brown App. Nos. CA2003-01-001 and CA2003-03-006, 2004-Ohio-2902, ¶ 8. In order to determine whether a plea agreement has been breached, courts must examine what the parties reasonably understood at the time the defendant entered the plea. Id., citing State v. Vincent, Ross App. No. 02CA2672, 2003-Ohio-2591. Resolution of the issue of whether there has been a breach of a valid plea agreement rests within the sound discretion of the trial court. State v. Mathews (1982), 8 Ohio App.3d 145, 146.
 {¶ 9} We find no abuse of discretion by the common pleas court in its determination that appellee did not breach the plea agreement. The record does not show that appellee breached any terms of the agreement, as that agreement was stated at the plea hearing. Rather, the record shows that the state did not fulfill its obligations under the agreement. It is clear from a review of the plea hearing transcript that, in exchange for appellee's "no contest" pleas to Counts 1 through 20, the state agreed to dismiss Counts 21 through 533 once the common pleas court journalized its sentencing entry for Counts 1 through 20. After the common pleas court journalized its sentencing entry for Counts 1 through 20 on September 19, 2003, the state did not dismiss the remaining counts.
 {¶ 10} The cases cited by the state in support of its argument that appellee breached the plea agreement are distinguishable. As the state notes, courts have held that implicit in a plea agreement is a promise by the defendant to appear at the sentencing hearing, and that a defendant breaches a plea agreement when the defendant fails to appear at the sentencing hearing. See, e.g., State v. Adkins, Athens App. No. 04CA34,2005-Ohio-2577, ¶ 8; State v. Hess (Dec. 24, 1991), Adams App. No. 515, 1991 WL 286052, *6 (Harsha, J., concurring). However, in this case, appellee appeared at his sentencing hearing. The court then made its sentencing determination, journalizing an entry. At that time, the state was obligated under the terms of the agreement to dismiss the remaining counts, which it did not. Accordingly, the common pleas court did not err by enforcing the agreement and granting appellee's motion to dismiss the remaining counts in the indictment.
 {¶ 11} Based on the foregoing analysis, we overrule the state's assignment of error. There was no error in the common pleas court's finding that appellee did not breach the plea agreement, or in its dismissal of Counts 21 through 533 of the indictment.
 {¶ 12} Judgment affirmed.
Walsh and Young JJ., concur.