DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Eddie Willis, appeals the Erie County Court of Common Pleas' April 14, 2005 judgment entry, journalized on May 3, 2005, sentencing him to a total of nine years of imprisonment following his guilty pleas to possession of cocaine, three counts of burglary, and theft. For the reasons that follow, we affirm the trial court's judgment in part, and reverse it in part.
 {¶ 2} On November 10, 2004, appellant was indicted on possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(a), possession of crack cocaine, in violation of R.C.2925.11(A) and (C)(4)(a), tampering with evidence, in violation of R.C. 2921.12(A)(1), three counts of burglary, in violation of R.C. 2911.12(A)(2), theft, in violation of R.C. 2913.02(A)(1), receiving stolen property, in violation of R.C. 2913.51(A), and misuse of a credit card, in violation of R.C. 2913.21(B)(2). The charges span events occurring from February through October 2004. On December 16, 2004, appellant entered not guilty pleas as to all counts.
 {¶ 3} On February 16, 2005, pursuant to a negotiated plea agreement, appellant entered guilty pleas to possession of cocaine, a fifth degree felony, three counts of burglary, all third degree felonies, and theft, a fifth degree felony. In exchange for appellant's plea, the state agreed to recommend a three year prison sentence on all counts and not object to judicial release into CROSSWAEH, a correctional treatment facility, after six months. At the plea hearing, appellant was informed that the charges carried a maximum prison term of 17 years, none of which was mandatory. Releasing appellant on bond pending sentencing, the court warned appellant that if he failed to report to the probation department or failed to appear in court the "agreed sentence may not, might not happen."
 {¶ 4} At the April 12, 2005 sentencing hearing, the trial court noted that the state's recommendation, as set forth in the plea agreement, was rescinded following appellant's violation of his bond conditions. The state's new recommendation was three-year sentences for the third degree felonies, to run consecutively, for a total of nine years. The state indicated that it would not oppose judicial release after five years.
 {¶ 5} At that point, appellant attempted to dismiss his attorney and withdraw his guilty plea. Following the state's formal sentencing recommendation, appellant and his counsel had an off the record discussion. Back on the record, appellant's counsel stated that he informed appellant that the court had the option of forcing the state to go forward with the plea agreement; if the court declined to do so, appellant had the option of withdrawing his plea. Defense counsel then recommended to the court that the sentence fall somewhere in-between the original plea agreement and the state's revised recommendation. Appellant made a statement on his own behalf. The judge then sentenced appellant to a total of nine years of imprisonment and indicated that he would consider judicial release after five years. This appeal followed.
 {¶ 6} Appellant raises the following assignments of error for our review:
 {¶ 7} "I. The trial court committed prejudicial error in failing to either require the state to abide by its plea agreement or permitting appellant to withdraw his plea.
 {¶ 8} "II. The trial court's sentence is contrary to law and the court committed prejudicial error in sentencing appellant to consecutive sentences."
 {¶ 9} In his first assignment of error, appellant argues that the trial court failed to either require that the state fulfill the plea agreement or allow appellant to withdraw his plea. We agree with appellant's statement that plea agreements are contractual in nature and are governed by contract law principles and standards. State v. Butts (1996), 112 Ohio App.3d 683,685-686. See, also, Santobello v. New York (1971),404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. Accordingly, when determining whether a plea agreement has been breached, a court must examine what the parties reasonably understood at the time the defendant entered a guilty plea. State v. Colvin, 5th Dist. No. 2002CA0063, 2003-Ohio-3389, ¶ 51, citing State v. Artiste (Mar. 20, 1998), 4th Dist. No. 96CA2471. "Resolution of the issue of whether there has been a breach of a valid plea agreement rests within the sound discretion of the trial court." State v.McCartney, 12th Dist. No. CA2005-03-008, 2005-Ohio-5627, citingState v. Mathews (1982), 8 Ohio App.3d 145, 146.
 {¶ 10} In the present case, at the February 16, 2005 plea hearing, appellant was advised of his rights pursuant to Crim.R. 11 and was informed of the maximum sentence that the court could impose. Appellant was released on bond with the conditions that he report daily to the Adult Probation Department and that he appear for sentencing. Appellant was also informed that if he violated the bond conditions, the "agreed sentence may not, might not happen." Shortly thereafter, appellant violated the bond conditions and was jailed until his April 12, 2005 sentencing.
 {¶ 11} At sentencing, appellant was informed that the state had rescinded the plea agreement and was recommending a nine-year prison term with the understanding that judicial release after five years would not be opposed. Appellant was also informed that he was not eligible for the CROSSWAEH program due to a prior violent felony conviction. At that point, appellant had a lengthy discussion with the court and his counsel regarding whether he still wished to maintain his guilty plea and proceed with sentencing. Ultimately, appellant decided to go forward with the plea. Upon review of the sentencing transcript, we must agree that appellant had the opportunity to withdraw his guilty plea and opted against it. We further find that the trial court did not err when it failed to require that the state fulfill its agreement; it was within the court's discretion to find that appellant, by failing to comply with the bond conditions, breached the agreement.[1] Appellant's first assignment of error is not well-taken.
 {¶ 12} In his second assignment of error, appellant argues that the trial court's imposition of consecutive sentences was contrary to law. R.C. 2929.14(E)(4), which governs consecutive sentencing, provides:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Additionally, R.C. 2929.19(B)(2), which governs sentencing hearings, provides: "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
"(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
In State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, the Supreme Court of Ohio interpreted these sections to mean that a court ordering consecutive sentences must, at the sentencing hearing, make the findings required by R.C. 2929.14 and give its reasons for the findings. The Comer court explained: "While consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at ¶ 21.
At the sentencing hearing, the court found that consecutive sentences were necessary to protect the public from future crime and that it was not disproportionate to the seriousness of the appellant's conduct and the danger he posed to the public. The court further found that appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crimes. Based on our review of the sentencing transcript we find that the court made the findings as required under R.C. 2929.14(E)(4). However, the court failed to state its reasons for imposing consecutive sentences and to "clearly align each rationale with the specific finding to support its decision." Comer at ¶ 25. Accordingly, appellant's second assignment of error is well-taken.
 {¶ 13} Upon consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the decision of the trial court finding appellant guilty of three counts of burglary, possession of cocaine, and theft is affirmed. The trial court's judgment sentencing appellant to three years in prison for each burglary count, ten months in prison for possession of cocaine, and ten months in prison for theft is also affirmed. The portion of the trial court's judgment ordering that the burglary sentences be served consecutively is vacated. The case is remanded to the trial court to consider whether consecutive sentences are appropriate and, if so, to enter the proper findings and reasons on the record. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing this appeal is awarded to Erie County.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, Skow and Parish, J., concur.
[1] Several courts have similarly held that if a defendant fails to appear for sentencing, the defendant is in breach of the terms of any plea agreement. See, e.g., State v. Adkins,161 Ohio App.3d 114, 2005-Ohio-2577; State. v. Bonner, 3d Dist. Nos. 4-040-5, 4-04-06, 4-04-07, 2004-Ohio-6043.