[Cite as *State v. Bembry*, 2014-Ohio-5498.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 CO 33 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| ROBERT BEMBRY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 12CR103.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Robert Herron
                                   Prosecuting Attorney
                                   Attorney John Gamble
                                   Assistant Prosecuting Attorney
                                   105 South Market Street
                                   Lisbon, Ohio  44432

For Defendant-Appellant:           Attorney Richard Hura
                                   9 East Park Avenue
                                   Columbiana, Ohio  44408


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                   Dated:  December 15, 2014

VUKOVICH, J.

{¶1} Defendant-appellant Robert Bembry appeals from his convictions and sentences entered in the Columbiana County Common Pleas Court for two counts of burglary and one count of attempted safe cracking. Counsel for Bembry has filed a no-merit brief and has requested leave to withdraw. A review of the case file and brief reveals that there are no appealable issues. Accordingly, appointed counsel's motion to withdraw is granted and the convictions and sentences are hereby affirmed in all respects.

Statement of the Case

{¶2} On May 23, 2012, Bembry was indicted with two counts of burglary, each in violation of R.C. 2911.12(A)(1), second-degree felonies, and one count of attempted safe cracking in violation of R.C. 2911.31(A) and R.C. 2923.02(A), a fifth-degree felony. He pled not guilty by reason of insanity, but later withdrew his plea. 08/13/12 Not Guilty by Reason of Insanity Plea; 08/20/12 J.E.

{¶3} Bembry and the state negotiated a plea agreement where the state would recommend an aggregate sentence of three years; it would recommend 3 years for each count of Burglary and 9 months for Attempted Safe Cracking, all to be served concurrently. 10/19/12 Felony Plea Agreement. The state also agreed to recommend that the court modify Bembry's bond and that Bembry be released on his own recognizance with certain pretrial-release conditions. 10/18/12 Plea Tr. 4, 30. These pre-trial release conditions were the standard terms of probation and random drug testing. 10/18/12 Plea Tr. 30. This deal was also subject to a cooperation agreement under which Bembry would provide information on separate cases.

{¶4} Following a plea colloquy, the judge accepted Bembry's guilty plea and modified bond. 10/18/12 Plea Tr. 28-32; 10/19/12 J.E. Thereafter, Bembry was released on his own recognizance.

{¶5} However, within a day or two of his release, Bembry allegedly committed a nearly identical offense involving burglary and safe cracking. The state then moved to revoke his bond, which was granted. 11/15/12 J.E.

**{¶6}** A sentencing hearing was held on June 27, 2013. At sentencing, the state argued that Bembry has "a prior criminal record that is not often seen". The state urged that Bembry's priors were serious offenses that are mostly comprised of burglary and theft crimes. The state alleged that the offenses were a product of a long-standing drug and alcohol addiction that Bembry has not addressed. The state pointed to the alleged crime Bembry committed after his release as evidence that he has shown no inclination to change his behavior.

**{¶7}** Due to the fact that Bembry violated the terms of his release, the state did not recommend the three year sentence from the plea agreement. Rather, based on Bembry's criminal record, the state urged that the only appropriate punishment would be long-term imprisonment. It recommended 6 years on the first Burglary count, 4 years on the second Burglary count, and 12 months on the Attempted Safe Cracking count. The state recommended that the two Burglary counts be served consecutively and the Attempted Safe Cracking be served concurrently to the Burglary sentences for an aggregate 10 years sentence.

**{¶8}** The defense asked the court to abide by the plea agreement and sentence Bembry to 3 years. The defense also urged that the instant offense was non-violent and no items were actually removed from the store he burglarized.

**{¶9}** Bembry spoke at sentencing and requested leniency from the judge. Bembry admitted that he had a long-standing drug and alcohol problem that fueled his criminal activities. He asked the court for drug treatment with his sentence.

**{¶10}** The judge explained that even though he believed that Bembry's remorse was genuine, he could not overlook his lengthy record. Accordingly, the judge sentenced Bembry to an aggregate sentence of 10 years. He received a 5 year sentence for each burglary conviction, which were ordered to be served consecutively to each other. For attempted safe cracking, he was sentenced to a 12 month sentence, which was ordered to be served concurrent to the burglary sentences.

**{¶11}** Bembry filed a timely motion to appeal. After reviewing the record, appointed counsel filed a no merit brief asking to withdraw because there are allegedly no appealable issues.

Analysis

**{¶12}** When appellate counsel seeks to withdraw and discloses that there are no meritorious arguments for appeal, the filing is known as a no merit brief or an *Anders* brief. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967). In this district, it has also been called a *Toney* brief. *State v. Toney,* 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

**{¶13}** In *Toney,* this court set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:

3. Where court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

*Id.* at syllabus.

**{¶14}** The no merit brief was filed by counsel on February 24, 2014. On May 5, 2014, this court informed Bembry of counsel's no merit brief and granted him 30 days to file his own written brief. Bembry did not file a brief. Thus, our analysis will proceed with an independent examination of the record to determine if the appeal is frivolous.

Our review will address whether the plea was entered knowingly, intelligently, and voluntarily, whether the state breached the plea agreement, and whether the sentence complies with the law.

### Plea

{¶15} Crim.R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea to ensure that the plea is entered into knowingly, intelligently and voluntarily. These advisements are typically divided into constitutional rights and nonconstitutional rights.

{¶16} The constitutional rights are: 1) a jury trial; 2) confrontation of witnesses against him; 3) the compulsory process for obtaining witnesses in his favor; 4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim.R. 11(C)(2)(c); *State v. Veney,* 120 Ohio St.3d 176, 2008–Ohio–5200, 897 N.E.2d 621, ¶ 19–21. The trial court must strictly comply with these requirements; if it fails to strictly comply, the defendant's plea is invalid. *Veney* at ¶ 31; *State v. Ballard,* 66 Ohio St.2d 473, 477, 423 N.E.2d 115 (1981).

{¶17} The nonconstitutional rights that the defendant must be informed of are: 1) the nature of the charges; 2) the maximum penalty involved, which includes, if applicable, an advisement on postrelease control; 3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions, and 4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10–13; *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 423 N.E.2d 1224, ¶ 19–26, (postrelease control is a nonconstitutional advisement). For the nonconstitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15, quoting *Nero* at 108. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the nonconstitutional rights did not substantially comply with Crim.R. 11(C)(2)(a)(b) must

also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15, citing *Nero* at 108.

{¶18} The trial court's advisement on the constitutional rights strictly complied with Crim.R. 11(C)(2)(c). Bembry was informed and indicated that he understood that by pleading guilty he was waiving his right to a jury trial, his right to confront witnesses against him, his right to subpoena witnesses in his favor and his right to have the state prove beyond a reasonable doubt every element of the indicted offenses. 10/18/12 Plea Tr. 22-25. He was also informed and stated he understood that if he went to trial he could not be compelled to testify against himself. 10/18/14 Plea Tr. 23.

{¶19} As to the nonconstitutional rights, Bembry was advised that he was charged with burglary and attempted safe cracking and was informed of the elements of those offenses. 10/18/14 Plea Tr. 15-17, 26-28. He was informed of the minimum and maximum penalty involved for the offenses, including fines. 10/18/14 Plea Tr. 19. He was also advised of postrelease control. 10/18/14 Plea Tr. 21-22.

{¶20} The only right for which there was arguably a defect was the trial court's failure to advise Bembry that it could proceed immediately to sentencing. However, this oversight does not affect the validity of the plea. It is clear from the agreement with the state, and from the transcript, that the court would not immediately proceed to sentencing. The state agreed that the bond could be modified so that Bembry would be released on bond until sentencing and the trial court did in fact modify bond. Therefore, since the trial court did not proceed directly to sentencing there was no prejudicial effect from the trial court's failure to advise Bembry that it could proceed directly to sentencing if the plea was accepted.

{¶21} Consequently, for the above reasons, there are no appealable issues concerning the plea. The record confirms that the plea was intelligently, voluntarily, and knowingly entered.

Compliance with the Plea Agreement

{¶22} Here, the state did not abide by the terms of the plea agreement. It has been explained that when a defendant enters a guilty plea in exchange for the prosecutor's promise to recommend a certain sentence, there is an implied condition that the circumstances surrounding the bargain will remain substantially the same; a

substantial change in the circumstances is sufficient to relieve the state of its obligation. *State v. Hill,* 10th Dist. No. 12AP-463, 2013-Ohio-674, ¶ 20 (probation recommendation), citing *State v. Pascall,* 49 Ohio App.2d 18 (9th Dist.1972); *State v. Cox,* 11th Dist. No. 92-T-4753 (Dec. 10. 1993); *State v. Calderon,* 2nd Dist. No. CA 15250 (Nov. 29, 1995); *State v. Grier,* 3rd Dist. No. 3-10-09, 2011-Ohio-902. A breach of the plea agreement by the defendant will relieve the prosecution of any obligation under the agreement. *State v. Payton,* 6th Dist. No. E-09-070, E-09-071, 2010-Ohio-5178, ¶ 11.

**{¶23}** The trial court has sole discretion in determining whether a plea agreement has been breached. *State v. Willis,* 6th Dist. No. E-05-026, 2005-Ohio-7002, ¶ 9, citing *State v. McCartney,* 12th Dist. No. CA2005-03-008, 2005-Ohio-5627, *State v. Matthews,* 9 Ohio App.3d 145, 146 (10th Dist.1982). *See also Payton,* 6th Dist. No. E-09-070 (Need not advise defendant that failure to appear at sentencing results in a breach of the plea agreement.) The court must examine the nature of the state's promise and the language used by the state in the plea agreement in order to determine whether the state actually breached the plea agreement. *State v. Namack,* 7th Dist. No. 01BA46, 2002-Ohio-5187, ¶ 28, citing *State v. Hess,* 4th Dist. No. 515, (Dec. 24, 1991), at 9.

**{¶24}** The record reveals that as part of the plea agreement, Bembry entered in a cooperation agreement with the state; the written plea agreement specifies that "[t]his agreement is subject to a separate agreement executed by the Defendant and the state of Ohio this same date." The fact that he was arrested within a day or two of his release, he was not able to complete his end of the cooperation agreement. Thus, Bembry breached the agreement.

**{¶25}** Moreover, in addition to breaching the cooperation agreement, the written plea agreement also contained bond conditions. Specifically, the plea agreement stated that the defendant would cooperate with bond requirements. The condition listed within the recognizance form in relevant part provided that "[d]efendant shall report to the CCAPD [Columbiana County Adult Probation Department] as ordered by that department, <u>obey all rules and regulations</u> of the CCAPD." (Emphasis added.)

{¶26} Appellant's Notification of Hearing and Violations generally alleged that he committed the following bond violation: "[o]bey all laws, all Court orders, and be of general good behavior and shall be at all times a responsible law abiding citizen." The notification specifically stated the following accusation: "Defendant was arrested and jailed in Columbiana County Jail for theft/burglary following a reported safe burglary on or about 10/23/2012 at the Guilford Grille."

{¶27} Thus, Bembry's violation of the bond condition also relieved the state of its obligation to recommend 3 years under the plea agreement. Bembry agreed to cooperate with the conditions of his bail, which required him to "obey all rules and regulations of the CCAPD." Similar to the earlier analysis, the sentence recommendation and release on recognizance was conditioned on Bembry meeting specific conditions. Bembry admitted that he violated the conditions at the sentencing hearing.

{¶28} Consequently, the state was relieved of its obligation under the plea agreement and there are no appealable issues concerning the plea agreement.

Sentencing

{¶29} We review felony sentences using both the clearly and convincingly contrary to law and abuse of discretion standards of review. *State v. Gratz,* 7th Dist. No. 08MA101, 2009–Ohio–695, ¶ 8; *State v. Gray,* 7th Dist. No. 07MA156, 2008–Ohio–6591, ¶ 17. We first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. *Gratz* at ¶ 8, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, ¶ 13–14. Then, if it is not clearly and convincingly contrary to law, we must determine whether the sentencing court abused its discretion in applying the factors in R.C. 2929.11, R.C. 2929.12 and any other applicable statute. *Gratz* at ¶ 8, citing *Kalish* at ¶ 17.

{¶30} Bembry pled guilty to burglary, a second-degree felony, and attempted safe cracking, a fifth-degree felony. The trial court sentenced him to 5 years for each of the burglary convictions and 12 months for the attempted safe cracking convictions. These sentences are within the applicable range. R.C. 292914(A)(2), (5) (sentencing range for a second-degree felony is two, three, four, five, six, seven or eight years;

sentencing range for a fifth-degree felony is a six, seven, eight, nine, ten, eleven or twelve months) month.

{¶31} Furthermore, at the sentencing hearing and in the judgment entry, the trial court indicated that it considered both R.C. 2929.11, the purposes and principles of sentencing, and R.C. 2929.12, the seriousness and recidivism factors, when rendering the sentence. 06/27/13 Sentencing Tr. 17; 06/28/13 J.E. The trial court found that Bembry was remorseful, which is a factor that may indicate that recidivism is less likely. 06/27/13 Sentencing Tr. 17; R.C. 2929.12(E)(5). However, the trial court found that his remorsefulness was outweighed by his lengthy criminal record, which is a factor making recidivism more likely. R.C. 2929.12(D)(2). Bembry's criminal record went back 20 years and contained more than 20 prior offenses. Thus, the trial court concluded that a lengthy prison term was needed. That determination was not an abuse of discretion given the record.

{¶32} In addition to considering the purposes and principles of sentencing and the recidivism and seriousness factors, the trial court was also required to make the consecutive sentencing findings since it ordered the burglary sentences to be served consecutive to each other. The Ohio Supreme Court has recently explained that, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37

{¶33} Under R.C. 2929.14(C)(4)(a), when multiple prison terms are imposed for multiple offenses, the offender may be sentenced to consecutive prison terms "if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The court must also find one of three additional factors to apply. Here, the pertinent factor would be "[t]he offender's history of criminal

conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4)(c).

**{¶34}** In the instant case, the judge made several findings on record. First, the judge found "that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." 06/27/13 Sentencing Tr. 18; 06/28/13 J.E. Further, he found that "consecutive sentences are necessary to protect the public from future crime, to punish the offender." 06/27/13 Sentencing Tr. 18; 06/28/13 J.E. Additionally, he found that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public." 06/27/13 Sentencing Tr. 18-19; 06/28/13 J.E. Therefore, the trial court considered all relevant sentencing statutes in sentencing appellant to consecutive prison terms.

**{¶35}** Considering all of the findings by the trial court, the sentence order is not clearly and convincingly contrary to law and the trial court did not abuse its discretion in ordering the sentence that it did. There are no appealable issues concerning the sentence imposed.

### Conclusion

**{¶36}** For the foregoing reasons the judgment of the trial court is hereby affirmed. Counsel's motion to withdraw is granted.


Waite, J., concurs.
DeGenaro, P.J., concurs.