[Cite as *State v. Cortez*, 2022-Ohio-3973.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

  - vs -

IVAN CORTES a.k.a.
EVAN CORTEZ,

      Defendant-Appellant.

CASE NOS. 2022-A-0019
            2022-A-0020

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00356

**O P I N I O N**

Decided: November 7, 2022
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Joseph F. Salzgeber*, P.O. Box 799, Brunswick, OH 44212 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Ivan Cortes, appeals his sentence from the Ashtabula County Court of Common Pleas. Appellant raises one assignment of error arguing that the trial court erred in imposing consecutive sentences instead of concurrent sentences as the State recommended at appellant's plea hearing.

{¶2} After review of the record and the applicable caselaw, we find appellant's assignment of error to be without merit. The trial court properly imposed consecutive sentences on appellant and the State was free to alter its plea recommendation after a

change in circumstances where appellant failed to appear for his sentencing hearing two times and prolonged his sentencing by approximately four months.

{¶3} Thus, we affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural History

{¶4} In January 2019, appellant was indicted in the Ashtabula County Court of Common Pleas in case number 2019 CR 444 for one count of Rape, in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. This charge was alleged to have been committed on or between May 1, 2010, and April 30, 2011.

{¶5} In August 2020, appellant was indicted in the Ashtabula County Court of Common Pleas in case number 2020 CR 356 for six counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree.

{¶6} On October 7, 2021, appellant pled guilty to an amended count of Attempted Rape in case number 2019 CR 444 involving appellant's daughter and one count of Gross Sexual Imposition in case number 2020 CR 356 involving appellant's niece. Both victims were minors at the time of the offenses. The State dismissed the remaining counts pursuant to the plea agreement.

{¶7} At the plea hearing, the State indicated that it "would argue at sentencing for the full eight years in prison" on the Attempted Rape charge and that it would argue for a five-year concurrent sentence on the Gross Sexual Imposition charge. "So in order to resolve this case, we are recommending the maximum, but concurrent with 444."

{¶8} Defense counsel expressed a similar understanding of the plea and said that "we would argue sentencing after a presentence investigation report and my client

2

Case Nos. 2022-A-0019, 2022-A-0020

having an opportunity to speak during a presentence investigation. And that the State will be arguing or recommending that number of years and the defense would like to – would be recommending something other than what the State is recommending. But it will all hinge on the presentence investigation and arguing at sentencing."

{¶9} During the hearing, the trial court erroneously informed appellant that his offense was a qualifying offense under R.C. 2967.271, which would include a potential indefinite sentence.

{¶10} After discovering that appellant was not subject to an indefinite sentence, the trial court conducted a revised plea hearing on October 12, 2021. At that hearing the trial court explained that because the date of the offense for Attempted Rape was prior to March 22, 2019, the qualifying offense provisions did not apply to appellant's plea. The court informed appellant that this change "actually benefits you, Mr. Cortes, because that means that you face potentially less time in prison." The State did not change the recommendations, other than that appellant not be subject to an indefinite sentence. The State indicated that conversations with the victim about the original plea recommendation did not include discussions about the indefinite sentence. Therefore, the State did not consider this change one that would prejudice or offend the victim of the offense.

{¶11} Appellant's sentencing hearing was set for November 2021, however, appellant failed to appear, and a warrant issued for his arrest. Sentencing was then set for January 5, 2022. Appellant, again, failed to appear and another warrant was issued for his arrest. After his arrest, appellant's sentencing hearing was set for March 23, 2022.

{¶12} At that hearing the State said "obviously you know that -- the Court knows that there is no stipulated and agreed-to sentence in this case, and that we are arguing

3

for eight years prison for the attempted rape * * *." As to the Gross Sexual Imposition charge, the State said that it was altering its recommendation. "[T]he State, in the Plea Agreement, said it was going to ask for five years concurrent time on that case. The Defendant has 26 days credit for that, for time served in that. * * * Your Honor, because the Defendant failed to appear, I'd ask for that time to be run consecutive since we're arguing that, and that it's not a stipulated sentence at all." Appellant did not object to this change in the State's recommendation or seek to withdraw his plea.

{¶13} The trial court proceeded to sentence appellant saying that it had reviewed the Presentence Investigation Reports, which were extensive and provided "much information." The court said that appellant does have a "substantial prior criminal record as reviewed by the Court, including past misdemeanor and felony convictions, including those for domestic violence. * * * He's not been law-abiding for some time, for several years, and continues to not respond favorably to sanctions previously imposed and has committed these crimes." Further, the court noted "that the offenses pled to in these cases, they're sex offenses, and the victim in the 444 case was born in 2001 per the Indictment of the offense pled to; and in the 356 case, the victim was born in 1992 per the Indictment, making both of these victims young at the time of the offenses. The victim in the 444 case is the Defendant's daughter; and in the 356 case, I believe his niece."

{¶14} The trial court sentenced appellant to seven years imprisonment for the Attempted Rape charge and four years for the Gross Sexual Imposition charge. The court ordered that the sentences be run consecutive, for a total of an 11-year sentence. The court made a finding pursuant to R.C. 2929.14(C)(4)(b) that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused

4

by two or more of the multiple offenses so committed were so great or unusual that no single prison term for any of the offenses committed  as part of any of the courses of conduct adequately reflect the seriousness of the Defendant's conduct, two separate sexually-related offenses, each with a separate young victim." The court further made a finding pursuant to R.C. 2929.14(C)(4)(c) that appellant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant, and that's per the review of your prior record and the Presentence Investigation Reports."

{¶15}   Appellant timely appealed asserting one assignment of error.

**Assignments of Error and Analysis**

{¶16}   Appellant's sole assignment of error states:

{¶17}   "The trial court erred and abused its discretion by imposing, contrary to law and the constitutional prohibitions against cruel and unusual punishment, consecutive prison sentences totaling twelve (11) [sic] years, instead of a total non-consecutive prison sentence of eight (8) years as originally recommended by the State of Ohio as part of the plea agreement resolving both cases."

{¶18}   Appellant cites several propositions of law relating to the imposition of consecutive sentences and prohibitions against cruel and unusual punishment. However, in support of his assignment of error, appellant's sole argument is that the trial court erred in imposing a sentence of 11 years rather than the eight years "as originally recommended by the State of Ohio" in the plea agreement. He claims that the State's consecutive sentence recommendation at the sentencing hearing constituted a breach of the plea agreement.

5

**{¶19}** Appellant cites R.C. 2953.08 as our standard of review for consecutive sentences imposed under R.C. 2929.14. There are three ways an appellant can challenge consecutive sentences on appeal. *State v. Lewis*, 11th Dist. Lake No. 2001-L-060, 2002-Ohio-3373, ¶ 6. First, the appellant may argue that the sentencing court failed to state the findings for consecutive sentences R.C. 2929.14(C)(4) requires. *State v. Torres*, 11th Dist. Lake No. 201-L-122, 2003-Ohio-1878, ¶18; R.C. 2953.08(G)(1). Second, an appellant may argue that the record clearly and convincingly does not support the findings the sentencing court made to justify consecutive sentences. *State v. Lewis*, at ¶ 7; R.C. 2953.08(G)(2)(a). Third, an appellant may argue that the sentence is clearly and convincingly otherwise contrary to law. R.C. 2953.08(G)(2)(b).

**{¶20}** However, appellant does not claim that the trial court failed to state the findings for consecutive sentences, nor does he claim that the record does not clearly and convincingly support the findings that the sentencing court made to justify imposing consecutive sentences. Our review of the record indicates that the trial court properly stated its findings for consecutive sentences and that the record supports those findings.

**{¶21}** Instead, appellant does assert that the State breached its plea agreement to recommend concurrent sentences and that the trial court abused its discretion by imposing consecutive sentences in excess of the State's recommendation of eight years.

**{¶22}** First, appellant did not object to the State's recommendation of consecutive sentences at the sentencing hearing. Where there is a failure to object to the "State's alleged improper recommendation at a sentencing hearing" we apply a plain error standard. *State v. Thomas*, 11th Dist. Lake No. 2013-L-032, 2013-Ohio-5365, ¶ 14.

6

{¶23} The standard of review for plain error is the same deferential standard applied for "reviewing ineffective assistance of counsel claims." *State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306, ¶ 17. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. Appellant bears the burden of demonstrating plain error by proving that the outcome would have been different absent the plain error. *Payne*, at ¶ 17.

{¶24} Further, even when the error is obvious, "it must have affected substantial rights," meaning "'that the trial court's error must have affected the outcome of the trial.'" *Id.,* quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Indeed, "even if an accused shows that the trial court committed plain error affecting the outcome of the proceeding, an appellate court is not required to correct it * * *." *Id.* at ¶ 23. Courts are cautioned "to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes,* at 27, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶25} In general, it is "highly desirable" for criminal charges to be disposed of through plea discussions. *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In circumstances "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. Ordinarily, when a defendant negotiates a particular plea or sentencing recommendation from the prosecutor, the State must honor that agreement. *Id.*

7

{¶26} However, "'when a defendant, as a result of 'plea bargaining,' enters a plea of guilty in exchange for the prosecutor's promise* * * there is an implied promise by the defendant that the circumstances under which the bargain was made will remain substantially the same. A subsequent change * * * is sufficient to justify and excuse the prosecutor from fulfilling his promise * * *.'" *State v. Cox*, 11th Dist. Trumbull No. 92-T-4753, 1993 WL 548082, at * 2 (Dec. 10, 1993), quoting *State v. Pascall*, 49 Ohio App.2d 18, 20, 358 N.E.2d 1368 (9th Dist.1972). Whether the plea agreement has been breached is a matter left to the sound discretion of the trial court. *State v. Willis*, 6th Dist. Erie No. E-05-026, 2005-Ohio-7002, ¶ 9; State *v. McCartney,* 12th Dist. No. CA2005-03-008, 2005-Ohio-5627, ¶ 8 citing *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (1982).

{¶27} This court has held that a defendant's failure to appear constitutes a subsequent change sufficient to excuse the prosecutor from a prior plea agreement. *State v. Randazzo*, 11th Dist. Geauga No. 1420, 1988 WL 102604 * 6 (Sept. 30, 1988) ("[F]ailure to appear for the original sentencing hearing excused the prosecutor from fulfilling his promise to recommend probation."); *Cox, supra,* at * 2 (Appellant's failure to appear "relieved" the State "of its duty to recommend concurrent sentences."). Moreover, this position has been met with approval by our sister districts. *E.g., State v. Payton*, 6th Dist. Erie No. E-09-070, 2010-Ohio-5178, ¶ 11*; State v. Grier*, 3rd Dist. Crawford No. 3-10-09, 2011-Ohio-902, ¶ 16; *State v. Bembry*, 7th Dist. Columbiana No. 13 CO 33, 2014-Ohio-5498, ¶ 22; *State v. Hill*, 10th Dist. Franklin No. 12AP-463, 2013-Ohio-674, ¶ 22.

{¶28} In the case before us, the State initially recommended the maximum eight-year sentence on the Attempted Rape charge and a five-year concurrent sentence on the

8

Gross Sexual Imposition. However, both the State and appellant indicated that the parties would be arguing the sentence at the sentencing hearing. To the extent that any sentencing agreement was made, it was that the State would recommend a concurrent sentence on the Gross Sexual Imposition charge.

{¶29}    However, appellant failed to appear for his sentencing hearing twice, and each time a warrant issued for his arrest. At the sentencing hearing, held four months after the initially scheduled hearing, the State indicated on the record that it was changing the recommendation for concurrent sentences that it had made at the plea hearing. The State said, "because the Defendant failed to appear, I'd ask for that time to be run consecutive since we're arguing that, and that it's not a stipulated sentence at all."

{¶30}  Appellant did not object at this time and did not seek to withdraw his plea on the basis that the State had breached the plea agreement. Under a plain error analysis, appellant has the burden of demonstrating that the outcome of his sentencing would have been different but for the trial court's error. However, appellant's own failure to appear was the initial breach of the plea agreement. Thus, the State was no longer bound to its agreement to recommend concurrent sentences. Because of this, the trial court did not err when it allowed the State to alter its recommendation to consecutive sentences, nor did the trial court err in imposing consecutive sentences.

{¶31}  Accordingly, appellant's sole assignment of error is without merit.

9

{¶32} For the foregoing reasons, the judgment the Ashtabula County Court of Common Pleas is affirmed.

MATT LYNCH, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.

Case Nos. 2022-A-0019, 2022-A-0020