[Cite as *State v. Craig*, 2025-Ohio-5035.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

GARRETT CHARLES CRAIG,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0038**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2024 CR 00371

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kristie M. Weibling*, Assistant Mahoning County Prosecutor, for Plaintiff-Appellee and

*Atty. Donald K. Pond*, for Defendant-Appellant.


Dated:  November 5, 2025

**Robb, P.J.**

{¶1} Appellant, Garrett Charles Craig, appeals the April 15, 2025 judgment sentencing him to thirty months in prison. Craig entered a guilty plea to a third-degree felony, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(ii). He now argues his plea agreement was invalid. For the following reasons, we affirm.

Statement of the Case

{¶2} Craig was initially charged via two criminal complaints in Youngstown Municipal Court. He was charged with failure to comply with an order or signal of an officer by operating a vehicle so as to willfully elude or evade police, and the operation of the vehicle caused substantial risk of harm. (May 15, 2024 Complaint.) On that same date, Craig was also charged with possession of crack cocaine, a fifth-degree felony in violation of R.C. 2925.11(C)(4)(a) and possession of drug paraphernalia. The incident report attached to the complaints states Craig was traveling 65 miles per hour in a 25 mile per hour zone after ignoring an officer's signal to pull over. When stopped, officers found several containers on Craig containing crack cocaine, as well as a used crack pipe. (May 15, 2024 Complaint.)

{¶3} Craig failed to appear for his initial hearing, and a warrant was issued for his arrest. He was appointed counsel. The matter was bound over to the Mahoning County Court of Common Pleas.

{¶4} Craig was subsequently indicted by the Mahoning County Grand Jury and charged with three counts: failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third-degree felony; possession of a controlled substance containing cocaine in violation of R.C. 2925.11(A) and (C)(4)(a), a fifth-degree felony; and possession of drug paraphernalia in violation of R.C. 2925.13, a fourth-degree misdemeanor. (July 11, 2024 Indictment.)

{¶5} The parties exchanged discovery, and the case was set for trial.

{¶6} The state moved to dismiss counts two and three in exchange for Craig's guilty plea to count one. The state also agreed to recommend two alternate sentencing options. The agreement states: "The State of Ohio . . . has agreed to recommend the

following:  A.  Agreed 9 months [in] prison OR B. State argues 18 months, Defense argues probation." (February 12, 2025 Guilty Plea.)  The next paragraph of the agreement states in bold:

> **Please note that any recommendation offered by the State is expressly contingent upon the Defendant appearing timely at his/her sentencing hearing and not committing any new crimes pending sentencing.  In the event that the Defendant fails to appear for sentencing or is charged with or convicted of any crimes following his/her plea, the State shall be relieved of its obligation with regard to its recommendation.**

The plea agreement also states in all caps and bold:  **"SENTENCING LIES SOLELY WITH THE DISCRETION OF THE COURT AND THAT ANY AGREEMENT BETWEEN COUNSEL FOR THE STATE AND MY ATTORNEY IS MERELY A RECOMMENDATION."**  Each page is initialed by Craig, and the last page is signed by defense counsel, the prosecution, and the defendant.  (February 12, 2025 Guilty Plea.)

**{¶7}**    The plea hearing reflects Craig was present and represented by counsel. The court reviewed the terms of the plea agreement and advised Craig in part that it could sentence him to up to 36 months in prison and fine him up to $10,000.  (February 12, 2025 Plea Hearing.)  The court accepted the guilty plea, ordered a presentence investigation, and set the matter for sentencing in April of 2025.  (February 12, 2025 Judgment.)

**{¶8}**    The state moved to revoke Craig's bond on February 24, 2025.  For cause, the state alleged Craig was arrested on February 23, 2025 for possession of drugs and drug paraphernalia and resisting arrest, all in violation of his bond conditions.  A Boardman Township Police report is attached to the motion as exhibit A.  (February 24, 2025 Motion to Revoke.)  The court found Craig was in violation and revoked his bond. (February 24, 2025 Judgment.)

**{¶9}**    The presentence investigation report shows there were two active warrants for Craig's arrest in two other Ohio counties.  He also had charges pending in Monongalia County, West Virgina.  Craig was 32 years old at the time of the report, and it reflects he had incurred numerous other criminal charges in varying counties.  (PSI Report.)

Case No. 25 MA 0038

{¶10} In August of 2010, Craig was charged as an adult with possession of drug paraphernalia and possession of marijuana. He was ordered to pay a fine and court costs. In November of 2011, he was charged with possession of drugs and drug trafficking in Logan County. He was given five years of community control and placed at a residential facility for up to six months. Three months later, the PSI shows he violated his conditions and was sentenced to 27 months in prison. Additionally, Craig had been convicted of possession of drug paraphernalia in 2013 in Delaware County; drug trafficking in 2015 in Logan County; trafficking heroin in Hardin County in 2015; and attempted possession of drugs and drug abuse in 2021 in Boardman, Ohio. (PSI Report.)

{¶11} In 2024, Craig was again convicted of possession of drug paraphernalia. He spent three days in jail and was ordered to serve 12 months of probation. Craig violated the terms of his probation. In 2024, he was also charged with disorderly conduct and the instant offense, failure to comply with an order or signal of a police officer. (PSI Report.)

{¶12} Sentencing was held in April of 2025. The prosecution spoke at the beginning of the hearing and explained the plea agreement and that Craig had "picked up new charges" since entering the plea. Notwithstanding, the state then expounded that it offered an 18-month agreed sentence, which the defendant declined. The prosecutor urged the court to impose a term of 36 months in light of the fact that Craig was charged with additional offenses after pleading guilty in this case and based on his extensive criminal history outlined in the PSI.

{¶13} Defense counsel agreed with the veracity of the prosecutor's recitation of the plea negotiations. The defense acknowledged Craig obtained additional charges after his plea agreement, but said Craig had accepted responsibility for his conduct and spent 30 days in the county jail as a result. The defense further emphasized that Craig suffered from a severe drug problem and that his prior prison terms were unhelpful in his rehabilitation. The defense asked the court to allow Craig to secure "legitimate treatment" for his addiction. Thus, the defense asked the court to impose community control to allow him to continue ongoing substance abuse treatment. (April 11, 2025 Sentencing Tr.)

{¶14} Craig spoke on his own behalf. He said he needed help. He also stressed he is the financial provider for his children and his involvement in his church. Craig asked

the court to give him a chance to obtain drug treatment and counseling instead of prison. In response, the court asked about the warrants for his arrests in two other counties. The defense confirmed there were two outstanding warrants, one in Marysville and one in Trumbull County. Defense counsel stated the warrant in Trumbull County was a result of the defendant's failure to appear while he was in jail and the official's failure to transport him for a hearing. Defense counsel also verified that Craig's partner had a baby on the way and that Craig's employer was present at the hearing and was willing to keep his job open for him.

**{¶15}** The court found Craig was not amenable to community control and prison is consistent with the principles and purposes of sentencing. The court ordered Craig to serve 30 months in prison with credit for time served. The court suspended all costs and fines. (April 11, 2025 Sentencing Tr.; April 15, 2025 Judgment.)

**{¶16}** Craig appeals the trial court's April 15, 2025 decision and raises one assignment of error.

<u>Assignment of Error: Validity of Plea Agreement</u>

**{¶17}** Craig's sole assignment of error asserts:

"The trial court erred by finding Appellant guilty based on an invalid plea agreement and thereby an involuntary guilty plea."

**{¶18}** Craig argues his plea was not valid or enforceable since it was based on an illusory promise, i.e., the state's authority to revoke its promise to make one of the two agreed upon sentencing recommendations if Craig sustained additional criminal charges pending sentencing. Craig avers the state had the power or discretion over whether this revocation provision applied, and as such, it was an illusory promise. Thus, he claims the plea agreement was illegal, unenforceable, and did not comport with due process in violation of the Ohio and United States Constitutions. For the following reasons, we disagree.

**{¶19}** "Plea agreements are an essential and necessary part of the administration of justice." *State v. Carpenter*, 68 Ohio St.3d 59, 61 (1993), quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971).

**{¶20}** Contract law principles generally govern and dictate the interpretation and enforcement of plea agreements. *State v. Bethel*, 2006-Ohio-4853, ¶ 50. The "essential

elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration." *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D. Ohio 1976). Whether there is consideration is a question of law for the court to decide. *Williams v. Ormsby,* 2012-Ohio-690, ¶ 17.

**{¶21}** A guilty plea that is not knowing, intelligent, and voluntary does not comport with due process and violates the Ohio and United States Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996), citing *Kercheval v. United States*, 274 U.S. 220 (1927). "Because the defendant's constitutional rights are at stake in the plea process, the concerns underlying a plea agreement differ from and go beyond those of commercial contract law." *State v. Dye*, 2010-Ohio-5728, ¶ 21, citing *Carpenter,* 68 Ohio St.3d at 61.

**{¶22}** "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Koresjza v. Harry*, 2017 WL 6375583, *3 (6th Cir. Dec.12, 2017), quoting *Santobello v. New York*, 404 U.S. 257, 261-62 (1971).

**{¶23}** Generally, a contract is improperly based on an "illusory promise" when one party, particularly the state, retains "an unlimited right to determine the nature or extent of [the defendant's] performance." *State v. Aponte*, 145 Ohio App.3d 607, 612-613 (10th Dist. 2001). "A guilty plea induced by 'unfulfilled or unfulfillable promises,' made by either the prosecution, the court, or defendant's counsel is not voluntary." *State v. Aponte*, 145 Ohio App.3d 607, 614 (10th Dist. 2001).

**{¶24}** "[A] contract is illusory . . . when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance; the unlimited right, in effect, destroys his promise and thus makes it merely illusory. 1 *Williston on Contracts* (3 Ed. 1957) 140, Section 43." *Century 21 Am. Landmark, Inc. v. McIntyre*, 68 Ohio App.2d 126, 129-30 (1st Dist. 1980).

**{¶25}** In *State v. Johnson*, 2023-Ohio-2282, ¶ 39 (7th Dist.), we found the plea agreement in that case contained an illusory promise. In *Johnson*, the agreement contained language stating the defendant was to cooperate with police for three weeks, and if the state was satisfied with the defendant's cooperation efforts, then the defendant

Case No. 25 MA 0038

could withdraw his guilty plea. We concluded the plea agreement was invalid in part because the language it contained made it unclear what the defendant was required to do to satisfy the cooperation agreement. The lack of clarity afforded the state with discretion over whether the contingency was satisfied such that the state's promise was illusory. *Id*. at ¶ 51.

**{¶26}** In the instant matter, the at-issue provision relieves the state of its obligation to make the agreed upon sentencing recommendation if the defendant sustained new criminal charges after the plea and before sentencing. Here, the provision prohibiting Craig from incurring additional charges pending sentencing was triggered based on his conduct. Thus, we disagree that the state retained power or discretion to determine whether this provision of the plea agreement was satisfied. Instead, the agreement made it clear what the defendant had to do to comply—not incur additional charges after the plea agreement was entered before sentencing. Unlike *Johnson*, the state in this case did not have power or discretion to determine whether the defendant satisfied this provision.

**{¶27}** Moreover, Craig was out on bond pending sentencing. Ohio appellate courts, including this one, have held a defendant's violation of bond conditions, such as committing another crime while awaiting sentencing or failing to appear at sentencing, constitutes a breach of a plea agreement and relieves the state of its obligation to recommend the sentence described in the agreement. *State v. Gutierres*, 2024-Ohio-2767, ¶ 34 (7th Dist.), citing *State v. Bembry*, 2014-Ohio-5498, ¶ 22 (7th Dist.); *accord State v. Hill,* 2013-Ohio-674, ¶ 20 (10th Dist.); *State v. Cox,* 1993 WL 548082 (11th Dist. Dec. 10, 1993); and *State v. Payton,* 2010-Ohio-5178, ¶ 11 (6th Dist.). "[T]here is an implied condition that the circumstances surrounding the bargain will remain substantially the same; a substantial change in the circumstances is sufficient to relieve the state of its obligation." *Gutierres* at ¶ 31, quoting *Bembry* at ¶ 22.

**{¶28}** Unlike the provision in *Johnson*, the contingency in Craig's plea agreement was well defined and did not allow the state to determine whether it was satisfied. Craig failed to satisfy his responsibility not to incur additional criminal charges before sentencing; there was no illusory promise or unsatisfied bargain by the state. This assigned error lacks merit.

Case No. 25 MA 0038

<u>Conclusion</u>

**{¶29}** Craig's sole assignment of error lacks merit.  The trial court's judgment is affirmed.

Hanni, J., concurs.

Dickey, J., concurs.

<u>Case No. 25 MA 0038</u>

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**