[Cite as *State v. Harrington*, 2021-Ohio-343.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO. 8-20-37

      v.

ROBERT E. HARRINGTON,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 11 0336

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision: February 8, 2021**

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary journal entry. Defendant-appellant, Robert E. Harrington ("Harrington"), appeals the July 14, 2020 judgment entry of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On November 12, 2019, the Logan County Grand Jury indicted Harrington on two counts of rape in violation of R.C. 2907.02(A)(2), (B), first-degree felonies. (Doc. No. 2). Harrington appeared for arraignment on November 26, 2019 and entered pleas of not guilty. (Doc. No. 11).

{¶3} On July 14, 2020, Harrington withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to an amended indictment. (Doc. No. 89). Specifically, in exchange for Harrington's change of pleas, the State agreed to amend Count One to attempted felonious assault in violation of R.C. 2903.11(A)(1) and 2923.02, a third-degree felony, and Count Two to sexual imposition in violation of R.C. 2907.06(A)(1), a first-degree misdemeanor. (*Id.*). The trial court accepted Harrington's guilty pleas, found him guilty, and sentenced him to a concurrent sentence of 48 months in prison on Count One and 180 days in jail on Count Two. (*Id.*). The trial court also classified Harrington as a Tier I sex offender. (*Id.*).

{¶4} On July 27, 2020, Harrington filed a notice of appeal. (Doc. No. 102). He raises three assignments of error.

**Assignment of Error No. I**

**The sentence of forty-eight months for a third-degree felony attempted felonious assault was contrary to law.**

{¶5} In his first assignment of error, Harrington argues that his sentence is contrary to law. Specifically, Harrington contends that the trial court imposed a sentence for his attempted-felonious-assault conviction which exceeds the statutorily permissible sentence for that offense.[1] The State concedes this error.

*Standard of Review*

{¶6} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

---

[1] Harrington does not challenge the trial court's sentence as to his sexual-imposition conviction.

*Analysis*

**{¶7}** "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. As a third-degree felony, attempted-felonious assault carries a possible sentence of 9- to 36-months imprisonment. R.C. 2903.11(A)(1), 2923.02 and 2929.14(A)(3)(b). *See State v. South*, 144 Ohio St.3d 295, 2015-Ohio-3930, ¶ 16. Because the trial court sentenced Johnson to 48 months in prison on the attempted-felonious-assault charge, the trial court's sentence does *not* fall within the statutory range. Accordingly, Harrington's sentence is contrary to law.

**{¶8}** Therefore, Harrington's first assignment of error is sustained.

### Assignment of Error No. II

**Appellant's plea bargain was violated when the prosecution breached a condition requiring it to remain silent during sentencing.**

**{¶9}** In his second assignment of error, Harrington argues that the State breached the negotiated plea agreement when it made remarks during the sentencing hearing. Specifically, Harrington contends that, because the State violated its "pledge to remain silent," he should be able "to preserve the plea agreement and seek[] specific performance through resentencing before a different judge * * * ." (Appellant's Brief at 5).

*Standard of Review*

{¶10} "Whether a party to a plea agreement breached the terms and obligations of the agreement is a matter entrusted to the sound discretion of the trial court, which will not be disturbed absent an abuse of discretion." *State v. Tite*, 6th Dist. Huron No. H-12-017, 2013-Ohio-1361, ¶ 7, citing *State v. Matthews*, 8 Ohio App.3d 145, 146 (10th Dist.1982). *See also State v. Flowers*, 2d Dist. Montgomery No. 22751, 2009-Ohio-1945, ¶ 6. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

{¶11} "Any time a prosecutor induces a defendant into pleading guilty because of certain promises the prosecutor gives the defendant, the prosecutor must keep those promises." *State v. McGinnis*, 3d Dist. Van Wert No. 15-08-07, 2008-Ohio-5825, ¶ 5, citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495 (1971). "If the prosecutor fails to keep his promises under the plea agreement, then the trial court should 'either require specific performance by the State or allow the defendant to withdraw the plea.'" *Id.*, quoting *State v. Montgomery*, 4th Dist. Adams No. 07CA858, 2008-Ohio-4753, ¶ 14, citing *State v. Sideris*, 4th Dist. Athens No. 04CA37, 2005-Ohio-1055, ¶ 37, citing *State v. Simpson*, 158 Ohio App.3d 441, 2004-Ohio-4690, ¶ 14 (2d Dist.). *See also State v. Liles*, 3d Dist. Allen No. 1-14-

61, 2015-Ohio-3093, ¶ 11 ("The State's failure to abide by the terms of the plea agreement entitles the defendant to either specific performance—i.e., the defendant's resentencing by a different judge, or withdrawal of his or her guilty plea."), citing *McGinnis* at ¶ 5 and *Santobello* at syllabus.

{¶12} In this case, Harrington entered into a negotiated plea agreement with the State in which the State agreed (in relevant part) to "remain silent" in exchange for Harrington's guilty pleas to the amended counts. (Doc. No. 89). However, at sentencing, in response to the trial court's request that it provide "its views on sentencing," the State stated that

> Mr. Harrington is a repeat sex offender. Although this is a misdemeanor plea for a sex offense, it is a felony plea. We note that [Harrington] admitted to law enforcement that the victim told him to stop and he did not. The Court has [Harrington's] criminal history in front of it.

(July 14, 2020 Tr. at 20). The State did not request a specific length of sentence.

{¶13} Notwithstanding the State's statement at sentencing following its promise to "remain silent," Harrington did not object to the State's statement at sentencing. *See McGinnis* at ¶ 8; *Liles* at ¶ 18. Because Harrington failed to object to the State's statement, he has forfeited all but plain error on appeal related to the State's breach of its obligation under the negotiated plea agreement. *See McGinnis* at ¶ 8, citing *Montgomery* at ¶ 15, citing *Sideris* at ¶ 38, and citing *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir.2002) and *State v. Dudas*, 11th Dist. Lake Nos.

2006-L-267 and 2006-L-268, 2007-Ohio-6739, ¶ 93; *Liles* at ¶ 18, citing *Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423 (2009) and *State v. Hartley*, 3d Dist. Hancock No. 5-14-04, 2014-Ohio-4536, ¶ 9-10.

{**¶14**} "Crim.R. 52(B) governs plain-error review in criminal cases." *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 55, citing *State v. Risner*, 73 Ohio App.3d 19, 24 (3d Dist.1991). "To establish plain error, [Harrington] must point to an obvious error that affected the outcome of the proceedings below." *Liles* at ¶ 18, citing *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, ¶ 6. "A court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Smith*, 3d Dist. Hardin No. 6-1414, 2015-Ohio-2977, ¶ 63, citing *State v. Saleh*, 10th Dist. Franklin No. 07AP-431, 2009-Ohio-1542, ¶ 68. *See also Montgomery* at ¶ 16. Accordingly, "[r]eversal is warranted only if the outcome 'clearly would have been different absent the error.'" *Liles* at ¶ 18, quoting *State v. Hill*, 92 Ohio St.3d 191, 203 (2001).

{**¶15**} Here, the outcome at issue is whether Harrington's sentence would have been different absent the State's breach of the negotiated plea agreement. *See Liles* at ¶ 19, citing *State v. Kline*, 2d Dist. Champaign No. 2009-CA-02, 2010-Ohio-3913, ¶ 5, citing *Puckett* at 142, fn. 4. However, based on our resolution of Harrington's first assignment of error, we need not address whether Harrington's sentence would have been different absent the error. Rather, the remedy that

Harrington seeks under his second assignment of error is for resentencing by a different judge.

{¶16} In addition to the State's promise to "remain silent," the negotiated plea agreement further called for the State to amend the indictment in exchange for Harrington to plead guilty to the amended counts. The record reflects that the State satisfied this portion of the negotiated plea agreement. Specifically, prior to the negotiated plea agreement, Harrington was exposed to a possible maximum-minimum-prison term of 3- to 11-years imprisonment for each count. *See* R.C. 2929.14(A)(1)(a). The negotiated plea agreement reduced the sentencing range to a possible prison term of 9- to 36-months imprisonment as to the amended third-degree-felony charge and a possible jail term of not more than 180 days in jail as to the amended first-degree-misdemeanor charge. *See* R.C. 2929.14(A)(3)(b), 2929.24(A)(1). Accordingly, the amendment of the indictment was a significant part, if not the significant part, of the negotiated plea agreement. *See Liles* at ¶ 21.

{¶17} Furthermore, Harrington cannot demonstrate that he was prejudiced by the State's comments at sentencing. Indeed, the totality of the States comments relate to information contained in the presentence-investigation report, which was provided to the trial court prior to Harrington's sentencing. Accordingly, based on the totality of our review of the circumstances, we cannot say that the outcome would have been different absent the error to entitle Harrington to resentencing by

a different judge. That is, Harrington failed to satisfy his burden of establishing that resentencing before a different judge is necessary (absent the State's breach of the negotiated plea agreement) in order to prevent a miscarriage of justice. *See id.* at ¶ 30.

{¶18} Therefore, Harrington's second assignment of error is overruled.

### Assignment of Error No. III

**Appellant was deprived of his federal and state rights to the effective assistance of counsel when trial counsel failed to object when the prosecution violated the plea agreement and failed to object to a sentence that exceeded the lawful statutory maximum.**

{¶19} In his third assignment of error, Harrington argues that his trial counsel was ineffective for failing to object to the State's breach of the negotiated plea agreement and the trial court's imposition of a sentence that exceeded the statutory maximum.

*Standard of Review*

{¶20} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial

strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-42 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

{¶21} "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

{¶22} First, based on our resolution of Harrington's second assignment of error, Harrington's argument that his trial counsel was ineffective for failing to object to the State's breach of the negotiated plea agreement is without merit. That

is, we determined in Harrington's second assignment of error that his substantial rights were not prejudiced by the State's statements at sentencing.

{¶23} Furthermore, in light of our resolution of his first assignment of error, Harrington's argument in his third assignment of error that his trial counsel was ineffective for failing to object to the trial court's imposition of a sentence which exceeded the statutory maximum is moot and we decline to address it. *See State v. Rusu*, 9th Dist. Summit No. 25597, 2012-Ohio-2613, ¶ 14, citing *State v. Ross*, 9th Dist. Summit No. 25778, 2012-Ohio-1389, ¶ 29-30; App.R. 12(A)(1)(c).

{¶24} For these reasons, Harrington's third assignment of error is overruled.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignments of error two and three, we affirm the judgment of the trial court. Having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error one, we reverse the judgment of the trial court as to those matters and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**