[Cite as *State v. Perez*, 2023-Ohio-83.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                           No. 111296

    v.                          :

RAUL PEREZ,                             :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 12, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-655272-A, CR-20-655273-A, CR-20-655274-A,
and CR-21-657848-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Jasmin L. Jackson, Assistant Prosecuting
Attorney, *for appellee*.

Mary Catherine Corrigan, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Raul Perez ("Perez") appeals his conviction for felonious assault and other felony offenses. For the reasons that follow, we affirm.

**Procedural and Factual History**

{¶ 2} On December 18, 2020, and March 12, 2021, the grand jury indicted Perez on multiple felony offenses surrounding four separate incidents. The first case alleged that on May 30, 2020, Perez committed the offense of felonious assault, a second-degree felony ("Case 1").

{¶ 3} Then on June 27, 2020, it was alleged Perez committed the offenses of aggravated robbery, a first-degree felony; two counts of robbery, charged as second-degree and third-degree felonies; having weapons while under disability, a third-degree felony; grand theft, a third-degree felony; and aggravated menacing, a first-degree misdemeanor. One and three-year firearm specifications were attached to the aggravated robbery, both robbery, and grand theft charges ("Case 2").

{¶ 4} The next case contained allegations against Perez and a codefendant, Thomas Knapp. That case alleged that on November 8, 2020, Perez committed the offenses of abduction, a third-degree felony; aggravated robbery, a first-degree felony; two counts of robbery, charged as second-degree and third-degree felonies respectively; having weapons while under disability, a third-degree felony; improper handling of a firearm in a motor vehicle, a fourth-degree felony; and two counts of theft, charged as fifth-degree felonies. One and three-year firearm specifications were attached to the aggravated robbery and both robbery charges ("Case 3").

{¶ 5} The final case alleged that on November 27, 2020, Perez committed the offenses of felonious assault, a second-degree felony; having weapons while under disability, a third-degree felony; improper handling of a firearm in a motor

vehicle, a fourth-degree felony; and two first-degree misdemeanor offenses, assault and failure to stop after an accident ("Case 4").

{¶ 6} On September 9, 2021, the parties appeared in court with an agreed-upon plea deal. The plea agreement consisted of Perez pleading to certain charges in each case, in exchange for which the state would dismiss the remaining charges. Additionally, the parties agreed to a recommended sentence of eight to 12 years and that Perez would not be subject to postrelease control. The trial court accepted Perez's guilty plea to the agreed charges and explained to Perez that the court was not bound by the plea agreement or the sentencing recommendation.

{¶ 7} The case was scheduled for sentencing on November 18, 2021. However, at that time, Perez arrived with new counsel who indicated they needed an opportunity to review the discovery and evaluate the plea agreement. Counsel indicated that there was concern about the length of the proposed sentence and whether Perez wanted to maintain his plea.

{¶ 8} On November 22, 2021, Perez filed a motion to withdraw his guilty plea. The motion alleged that Perez was not represented by highly competent counsel during his plea. Specifically, the motion alleged that the plea agreement counsel agreed to was harsher than similarly situated defendants. It further alleged that prior counsel had failed to review discovery with Perez, preventing him from fully exploring any viable defenses.

{¶ 9} The case was then set for hearing on January 7, 2022; however, it was continued as the parties continued to engage in discussions. On February 10, 2022,

the parties came before the court again. Perez withdrew the previous motion to withdraw his plea. Nevertheless, the trial court elected to withdraw the plea anyway and begin anew to ensure "that there's a full understanding of the consequences [Perez has], and, also, that [Perez has] fully voluntarily, intelligently, and knowingly entered into those guilty pleas." (Tr. 50.)

{¶ 10} The court then inquired about the plea agreement. The parties informed the court that the plea agreement remained the same. Perez subsequently pled guilty to one count of felonious assault in Case 1, attempted aggravated robbery with a one-year firearm specification in Case 2, abduction and improper handling of a firearm in a motor vehicle in Case 3, and felonious assault with a three-year firearm specification in Case 4. In exchange for those pleas, the state agreed to dismiss the remaining charges and recommended a sentence between eight and 12 years, with no associated postrelease control.

{¶ 11} During the plea colloquy, the trial court informed Perez that some of his charges would be subject to an indefinite sentence pursuant to R.C. 2967.271, the Reagan Tokes Law. Perez's counsel noted an objection to the Reagan Tokes Law and its sentencing structure.

{¶ 12} After accepting the plea, the trial court proceeded immediately to sentencing. The court noted that all parties had reviewed the presentence-investigation report.

{¶ 13} The state presented the following witnesses. R.P., the victim in Case 1, told the court that Perez attacked him from behind without warning, cause, or

justification. He did not believe that Perez was repentant for his crimes. R.P. asked the court to impose the maximum sentence possible.

{¶ 14} J.S. and T.S., the victims in Case 4, also addressed the court. J.S. had limited interaction with Perez, who had hit his and T.S.'s car while it was parked outside their home. T.S. tried to see if Perez was okay after the accident; however, he did not respond. She went to take a picture of his license plate, but he quickly snatched it off the car and then pulled a gun on her. Perez fired at her and missed, tried again, but the gun jammed. T.S. was able to get to safety. J.S. told the court that he and T.S. had been together for over 21 years and what happened greatly distressed him and jeopardized his mental health. T.S. disagreed with the plea agreement and was disappointed that it was allowed.

{¶ 15} Det. Krakowski was the assigned detective on Cases 2 and 3. The trial court allowed him to give a statement over the defense's objection. Det. Krakowski informed the court that Perez was from a loving family and a good home but chose to live his life as evidenced by his crimes. He requested the trial court issue the maximum sentence.

{¶ 16} The prosecutor then addressed the court and argued that there were no mitigating circumstances. The prosecutor laid out the timeline of events and asked the court to take those factors into consideration when issuing its sentence.

{¶ 17} The defense then addressed the court. Perez read a letter he had written apologizing for his actions and expressing remorse. His counsel then asked

the court to impose an eight-year sanction to be served concurrently on all the cases. The defense did not raise the issue of a breach of the plea agreement.

{¶ 18} The court proceeded to sentence Perez as follows: On Case 4, the sentence was three years on the firearm specification, to run prior to and consecutive to five to seven and one-half years on the felonious assault. On Case 2, the sentence was one year on the firearm specification to run prior to and consecutive to two to three years on the attempted aggravated robbery. On Case 1, a sentence of four to six years on felonious assault. The court ordered the sentences on Cases 1, 2, and 4 to run consecutively to one another. On Case 3, the trial court sentenced Perez to a 12-month term each on the abduction and improper handling charges, to run concurrently to each other and concurrently to all other charges. The aggregate sentence was a term of 15 years to 20 and one-half years.

{¶ 19} Perez appeals and assigns the following errors for our review:

## Assignment of Error No. 1

The trial court erred by proceeding to sentencing after the state of Ohio violated the plea agreement.

## Assignment of Error No. 2

The trial court erred by sentencing the appellant to three (3) indefinite sentences pursuant to the Reagan Tokes Act.

## Assignment of Error No. 3

The trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act.

**Law and Analysis**

{¶ 20} For ease of analysis, we will address the assignments of error out of order as necessary.

{¶ 21} In the first assignment of error, Perez argues that the state violated the plea agreement and the trial court erred when it proceeded to sentence him. Perez alleges that the state violated the plea agreement in three ways: 1) when it argued that there were no mitigating circumstances; 2) when Det. Krakowski requested that the trial court impose the maximum sentence, and 3) by allowing "countless details, feelings, and impertinent circumstances" to be presented to the trial court.

**Standard of Review**

{¶ 22} Preliminarily, we recognize that plea bargains are ""'contractual in nature and subject to contract law standards.'"" *State v. Smith*, 8th Dist. Cuyahoga No. 109963, 2021-Ohio-3099, ¶ 34, quoting *State v. Butts*, 112 Ohio App.3d 683, 686, 679 N.E.2d 1170 (8th Dist.1996), quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir.1986). Accordingly, a plea agreement has the same elements of other contracts, i.e., offer, acceptance, the capacity to contract, consideration, and "a manifestation of mutual assent." *Id.,* citing *State v. Robinson,* 8th Dist. Cuyahoga No. 82801, 2004-Ohio-740, ¶ 12, citing *Perlmuter Printing Co. v. Strome, Inc.,* 436 F.Supp. 409, 414 (N.D.Ohio 1976). There must be a meeting of the minds in order to enforce the contract. *Id.,* citing *Robinson* at *id.*, citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d

134 (1991). "The terms of a plea agreement must therefore be explicit." *State v. Grove*, 8th Dist. Cuyahoga No. 103042, 2016-Ohio-2721, ¶ 36, citing *State v. Padilla*, 8th Dist. Cuyahoga No. 98187, 2012-Ohio-5892, ¶ 11.

{¶ 23} If the state breaches the agreement, the defendant may either withdraw the plea or seek specific performance. *Id.*, citing *State v. Brunning*, 8th Dist. Cuyahoga No. 95376, 2013-Ohio-930, ¶ 9; *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "Whether there has been a breach is a decision in the trial court's discretion." *State v. Monroe*, 6th Dist. Lucas No. L-19-1241, 2020-Ohio-4541, ¶ 16, citing *State v. Payton*, 6th Dist. Erie Nos. E-09-070 and E-09-071, 2010-Ohio-5178, ¶ 11, citing *State v. Willis*, 6th Dist. Erie No. E-05-026, 2005-Ohio-7002, ¶ 9 (additional citations omitted in the original).

{¶ 24} Preliminarily, the defense did not raise the breach of the plea agreement before the trial court. When a defendant fails to raise a breach of the plea agreement in the trial court, they waive all but plain error. *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir.2002); *see also State v. Hartley*, 3d Dist. Hancock No. 5-14-04, 2014-Ohio-4536, ¶ 9; *State v. Reidling*, 6th Dist. Sandusky No. S-11-002, 2012-Ohio-2343, ¶ 6; *State v. Cortes*, 11th Dist. Ashtabula Nos. 2022-A-0019 and 2022-A-0020, 2022-Ohio-3973, ¶ 22; *State v. Kocak*, 2016-Ohio-8483, 79 N.E.3d 127, ¶ 31 (7th Dist.).

{¶ 25} Plain error may be found when 1) there is an error, i.e., deviation from a legal rule; 2) that error is plain and obvious, and 3) the error affected the defendant's substantial rights, i.e., affected the outcome of the case. *State v. Pratts*,

8th Dist. Cuyahoga No. 104235, 2016-Ohio-8053, ¶ 34, citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). However, it has long been established, that "[e]ven if the plain error standard is met, courts should only notice it 'with the utmost caution under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. White*, 8th Dist. Cuyahoga No. 110452, 2022-Ohio-2130, ¶ 37, quoting *State v. Long*, 53 Ohio St.2d 91, 91, 372 N.E.2d 804 (1978).

{¶ 26} Furthermore, under plain error review, "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14. In the instant case, the defense did not object before the trial court and does not invoke plain error on appeal. An appellate court need not consider plain error when the appellant fails to timely raise a plain error claim. *State v. Body*, 8th Dist. Cuyahoga No. 109388, 2021-Ohio-703, ¶ 23.

{¶ 27} Accordingly, Perez's first assignment of error is overruled.

{¶ 28} In the third assignment of error, Perez argues the indefinite sentence imposed by the trial court pursuant to R.C. 2967.271, the Reagan Tokes Law, was unconstitutional. Perez argues that the law violates the right to a jury trial under the Ohio and United States Constitutions; violates the separation-of-powers doctrine; and violates the Due Process Clauses of the Ohio and United States Constitutions. Perez acknowledges that this court, in the en banc decision of *State v Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), has already addressed these issues,

finding the statute constitutional. However, he seeks to preserve the issue for the ultimate decision of the Ohio Supreme Court.

{¶ 29} Accordingly, Perez's third assignment of error is overruled.

{¶ 30} In the second assignment of error, Perez argues that the trial court erred when it sentenced him under R.C. 2967.271. Specifically, Perez argues that the law only allows the imposition of an indefinite sentence on one qualifying felony offense when a defendant is convicted of multiple qualifying offense that are consecutive. Therefore, Perez alleges, the trial court erred when it sentenced him to three indefinite sentences.

{¶ 31} Perez failed to raise this error before the trial court and, therefore, waives all but plain error. *Pratts*, 8th Dist. Cuyahoga No. 104235, 2016-Ohio-8053 at ¶ 34. Additionally, Perez did not raise plain error before this court, so we are not required to consider it. *Body*, 8th Dist. Cuyahoga No. 109388, 2021-Ohio-703, at ¶ 23.

{¶ 32} Nevertheless, because we find there was no error and because this court recently addressed this issue, we will discuss it briefly here. R.C. 2929.144(B)(2) provides:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall

be equal to the total of those terms so added by the court plus fifty percent of the longest minimum term or definite term for the most serious felony being sentenced.

{¶ 33} In the instant case, the trial court imposed indefinite prison terms on one qualifying offense in each of three separate cases. Perez argues that the language "more than one felony" applies in his cases, despite the fact that his cases cover separate incidents on separate indictments. We disagree. As we noted in *State v. Bond*, 8th Dist. Cuyahoga No. 110022, 2022-Ohio-1487, "R.C. 2929.144(B)(2) only applies to consecutive prison terms imposed within a single case." *Id.* at ¶ 13. The language of R.C. 2929.144(B)(2) does not authorize a court "to use an indefinite prison term imposed on a qualifying felony in one case to calculate the indefinite prison term on a qualifying felony in a different case." *Id.* For each case, R.C. 2929.144(B) requires the court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a) for a first-degree or second-degree felony to determine "'the maximum prison term that is part of the sentence.'" *Id.* quoting 2929.144(B). "If the legislature had intended to allow courts to include indefinite prison terms in separate cases when calculating consecutive sentence under R.C. 2929.144(B)(2), it could have done so, but it did not."

{¶ 34} In fact, Perez acknowledges that *Bond* disagrees with his position. However, Perez argues that the separate three cases in question were indicted on the same day and are so intertwined that the holding in *Bond* and the plain reading of 2929.144(B)(2) should not apply to this case. We disagree.

{¶ 35} While the three separate cases were indicted on the same date, they address offenses that occurred over the course of seven months, from May 2020 through November 2020. Additionally, they involve different locations and victims. Consequently, the trial court did not err in sentencing Perez to consecutive sentences, each with an indefinite component.

{¶ 36} Accordingly, the second assignment of error is overruled.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.