[Cite as *State v. Santiago*, 2023-Ohio-561.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MANUEL SANTIAGO,

    DEFENDANT-APPELLANT.

CASE NO. 4-22-11

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

MANUEL SANTIAGO,

    DEFENDANT-APPELLANT.

CASE NO. 4-22-12

O P I N I O N

Appeals from Defiance County Common Pleas Court
Trial Court Nos. 19 CR 13725 and 21 CR 14242

Judgments Affirmed

Date of Decision:  February 27, 2023

APPEARANCES:

    *Henry Schaefer* for Appellant

    *Russell R. Herman* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Manuel Santiago ("Santiago") appeals the judgments of the Defiance County Court of Common Pleas, alleging that the State failed to comply with the terms of a plea agreement at sentencing. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{**¶2**} On October 10, 2019, Santiago was indicted on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree; one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree; and one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree. Doc. 2A.[1] These charges became the basis of Case No. 19-CR-13725. Doc. 2A. Subsequently, on January 2, 2020, a bill of information was issued in this case that charged Santiago with one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree. Doc. 29A.

{**¶3**} On January 2, 2020, Santiago pled guilty to one count of robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree and one count of domestic violence in violation of R.C. 2919.25(A), a felony of the fourth degree. Doc. 34A. The prosecution indicated that, as part of plea negotiations, the State and Santiago had reached a joint sentencing recommendation. Doc. 34A, 43A. The trial

---

[1] This appeal arises from two cases. The docket numbers from Case No. 19-CR-13725 will be followed by the letter "A." The docket numbers from Case No. 21-CR-14242 will be followed by the letter "B."

court informed Santiago that it was not bound by the sentencing recommendation given by the State before he entered his guilty pleas on January 2, 2020. Jan. 2 Tr. 12. The trial court then accepted Santiago's pleas of guilty and ordered the preparation of a presentence investigation. Doc. 34A.

{¶4} On February 24, 2020, Santiago appeared at his sentencing hearing. Doc. 43A. On motion of the State, the trial court dismissed the two remaining charges to which Santiago had not entered pleas of guilty. Doc. 43A. At this hearing, the trial judge stated the following:

> **At the time of the plea the Court was advised there was a joint sentence recommendation. That he'd be admitted * * * directly to a period of community control, with an indefinite term of not less than five no more than seven and a half years reserved on the Robbery, a con-current [sic] seventeen-month term reserved on the Domestic Violence.**

*Id*. at 2. On request by the trial court, the State then confirmed the basic terms of the jointly recommended sentence. *Id*. at 3.

{¶5} After examining Santiago's criminal history as recorded in the presentence investigation, the trial court concluded that a reserved sentence of "five to seven and a half years isn't near enough based on your history and these crimes." Feb. 24 Tr. 9. The trial court then ordered Santiago to serve five years on community control, reserving an indeterminate prison sentence of seven to ten-and one-half years for the charge of robbery and a basic prison sentence of twelve months for the charge of domestic violence. Doc. 43A. The trial court told Santiago

that the prison terms from these two cases could be run consecutively to each other. Doc. 43A.

{¶6} On February 25, 2021, Santiago was indicted on one count of vandalism in violation of R.C. 2909.05(B)(1)(a), a felony of the fifth degree, and one count of breaking and entering in violation of R.C. 2911.21(A)(1), a felony of the fifth degree. Doc. 1B. These charges became the basis of Case No. 21-CR-14242. Doc. 1B. On February 25, 2021, the State also filed a motion to revoke Santiago's community control in Case No. 19-CR-13725. Doc. 44A. The motion cited the charges in Case No. 21-CR-14242 as one of the alleged violations of the terms of his community control sanction. Doc. 44A.

{¶7} On June 9, 2021, Santiago appeared for a plea hearing in Case No. 21-CR-14242. Doc. 19B. The trial court informed Santiago "that his guilty plea in this matter would also constitute a violation of terms of Community Control in Case No. 19 CR 13725 * * *." Doc. 19B. The State set forth its sentencing recommendation:

> **The State would recommend that the Defendant be allowed to be placed on community control. Our promises would be contingent on no new offenses between now and the date of sentencing and also that he continues to participate * * * in Racing for Recovery program. And then after sentencing we'd ask that that be condition of community control, if the Court does grant the community control, and if all that works out that way we would recommend that his community control not be revoked in Case Number 13725, but that he'd be allowed to continue on supervision. Again, subject to the condition that he successfully complete the Racing for Recovery program.**

June 9 Tr. 3.  The trial court informed Santiago that it was not bound by the sentencing recommendation that had been presented by the State.  *Id*. at 6.  The trial court then accepted Santiago's pleas of guilty for the two charges against him in Case No. 21-CR-14242 and ordered the preparation of a presentence investigation.  Doc. 19B.  The trial court also held a final adjudicatory hearing on the motion to revoke Santiago's community control and found that he had violated the terms of his community control.  Doc. 49A.

{¶8} On October 5, 2021, Santiago appeared for his sentencing hearing.  Doc. 32B.  In its judgment entry for Case No. 19-CR-13725, the trial court stated:

> **Upon review of the Defendant's extensive juvenile and adult criminal history, the Court finds that the Defendant is no longer amenable to any available community control sanctions.**
>
> **Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that the Defendant's Community Control is REVOKED and the balance of the seven (7) years to ten and one half (10 ½) years of imprisonment is imposed for the offense of Robbery * * * and the CONSECUTIVE balance of the twelve (12) months of imprisonment for the offense of Domestic Violence * * *.**

Doc. 57A.  In its judgment entry for Case No. 21-CR-14242, the trial court stated:

> **The Court made reference to the information contained in the Pre-Sentence Investigation Report, to the Defendant's extensive criminal history and to the history of this cause as known to the Court.**
>
> **Based upon all the foregoing considerations, the Court finds that the Defendant is no longer amenable to any available community control sanction and that a prison term is necessary and appropriate.**

Doc. 32B. The trial court then imposed eleven-month prison terms for each of the charges against Santiago to be served concurrently to the prison terms imposed in Case No. 19-CR-13725. Doc. 32B. This left Santiago with an aggregate sentence of eight to eleven-and-one-half years of imprisonment. Doc. 57A, 32B.

**{¶9}** On October 14, 2021, the trial court issued a judgment entry of sentencing in each of these cases. Doc. 57A, 32B. Santiago filed his notices of appeal on November 10, 2021. Doc. 62A, 37B. However, there was an equipment failure that prevented the recording of the sentencing hearing on October 14, 2021 from being transcribed. Doc. 80A. As a result, the appeals were withdrawn to give the trial court an opportunity to resentence Santiago. Doc. 84A, 50B. June 13 Tr. 3.

**{¶10}** On June 13, 2022, the trial court held a resentencing hearing. June 13 Tr. 2. The prosecutor stated that he "s[aw] no reason for the Court to impose something different [from what was ordered at the October 5, 2021 hearing] at this point in time." June 13 Tr. 7. At this hearing, the parties discussed a letter that had been received from the Director of Operations at Racing for Recovery. *Id*. at 11. This letter read as follows:

> **'This letter is written to inform you that Manuel Santiago has completed recommended number of IOP groups for court requirements. Due to this we can successfully complete him from SUD services. However, it is my recommendation that he seek a higher level of care for mental health support. The recommendation is made because client's emotional and behavioral problems that left untreated will lead to further**

**destructive behaviors and likely a return to use. Examples of this include consistent pattern of challenging or disrespectful treatment of authority figures using verbally abusive language, overreaction, or hostility to insignificant irritants, and dishonesty in terms of engagement with peers in harmful situations.**

**After reports from numerous participants at Racing for Recovery that Manuel was seen at a bar drinking with individuals in treatment, it was decided that he would no longer be able to engage in treatment or other services at Racing for Recovery. If you have any additional questions, please feel free to contact me.'**

*Id*. at 11. The Defense argued that others who had been involved with Santiago through Racing for Recovery would contest this assessment. *Id*. at 13. The trial judge stated:

**I still don't know that that's the reason he should be continued on community control because he already had a substantial opportunity being placed on community control for two very serious offenses and then he goes out and commits two more felonies while on community control.**

*Id*. Nonetheless, the trial court continued this matter to give the Defense the opportunity to seek out an assessment from others at Racing for Recovery. *Id*.

{¶11} On July 5, 2022, Santiago appeared for the continued resentencing hearing in Case No. 19-CR-13725 and Case No. 21-CR-14242. July 5 Tr. 2. The State recommended the following sentence:

**We were here June 14th and one of the issues that was discussed was issues and problems that had occurred at a facility called Racing for Recovery, and the Defendant's connection to some problems that had occurred there. A letter that had been received from a managing person; I don't know what his title officially was from Racing for Recovering regarding the Defendant's behavior there. Those things were discussed at the time of the last hearing.**

-7-

> **The State had initially at the time of the original sentencing had made a recommendation for a five-to-seven-and-a-half-year term, aggregate for both cases given the Defendant's extensive criminal history and multiple efforts to allow him to be, have alternative sentencing options. But upon looking at his criminal history it's certainly one of the most extensive lengthy that we see in this court and including many offensives [sic] that are indicative of volatile behavior. Regardless of what the cause of those things are it's our concern that he cannot be supervised and has demonstrated that. The State would recommend that a five-to-seven-and-a-half-year term be imposed in the aggregate of the two cases.**

*Id*. at 4. In its judgment entry for Case No. 19-CR-13725, the trial court stated:

> **Upon review of the Defendant's extensive juvenile and adult criminal history, also considering that new offenses were committed while the Defendant was under Community Control Supervision, the Court finds that the Defendant is no longer amenable to any available community control sanctions.**

Doc. July 25, 2022 Judgment Entry. The trial court then revoked Santiago's community control. *Id*.

{¶12} However, the trial court did not impose the same "eight to eleven and a half" year aggregate sentence that it had imposed at the October 5, 2021 sentencing hearing. July 5 Tr. 20. In recognition of some of the progress that Santiago had made, the trial court imposed "the term of not less than five no more than seven and a half" years in prison. *Id*. In Case No. 21-CR-14242, the trial court imposed an eleven-month prison term for each of the charges against Santiago. Doc. 50B. These prison terms were to be served concurrently to the sentence imposed in Case

No. 19-CR-13725. Doc. 50B. The trial court issued a judgment entry of sentencing in each of these two cases on July 25, 2022. Doc. 84A.

*Assignment of Error*

{¶13} Santiago filed his notices of appeal on August 23, 2022. Doc. 87A, 53B. On appeal, he raises the following assignment of error:

> **It was improper for the State to not recommend community control at sentencing.**

He argues that the State breached the plea agreement by failing to recommend that he remain on community control at the July 5, 2022 sentencing hearing.

*Legal Standard*

{¶14} "Regarding the joint sentencing recommendation, Ohio law is clear that a plea bargain is a contract between the state and the defendant." *State v. Woodrey*, 12th Dist. Clermont No. CA2010-01-008, 2010-Ohio-4079, ¶ 10. Thus, "a plea agreement is * * * subject to contract-law standards." *State v. Vari*, 7th Dist. Mahoning No. 07-MA-142, 2010-Ohio-1300, ¶ 25. "[I]f one side violates a term of the plea agreement, the other party has a right to pursue appropriate remedies * * *." *State v. Liskany*, 196 Ohio App.3d 609, 2011-Ohio-4456, 964 N.E.2d 1073, ¶ 190 (2d Dist.).

{¶15} In general, if the State "breach[es] * * * the agreement, the defendant is entitled to either rescission (i.e., withdrawal of their plea) or specific

performance." *Vari* at ¶ 27, citing *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 30 L.Ed.2d 427, (1971); *State v. Walker*, 6th Dist. Lucas No. L-05-1207, 2006-Ohio-2929, ¶ 13; *Ritchie v. State*, 12th Dist. Clermont No. CA2008-07-073, 2009-Ohio-1841, ¶ 9. "Since a plea agreement is a contract, to be construed strictly against the state, the prosecutor is required to fulfill any promise or agreement of the state." *State v. Zamora*, 3d Dist. Paulding Nos. 11-07-04, 11-07-05, 2007-Ohio-6973, ¶ 12. *See State v. Soto*, 158 Ohio St.3d 44, 2019-Ohio-4430, 139 N.E.3d 889, ("When a plea rests on a promise made by the prosecutor, that promise must be fulfilled.").

{¶16} "When an allegation is made that a plea agreement has been broken, the defendant must merely show that the agreement was not fulfilled." *Zamora* at ¶ quoting *State v. Legree*, 61 Ohio App.3d 568, 571, 573 N.E.2d 687 (6th Dist. 1988). In such a circumstance, "[t]he court must examine the nature of the state's promise and the language used by the state in the plea agreement in order to determine whether the state actually breached the plea agreement." *State v. Bembry*, 7th Dist. Columbiana No. 13 CO 33, 2014-Ohio-5498, ¶ 22.

{¶17} However, "a breach of the contract by the defendant relieves the prosecution of any obligations under the agreement." *State v. Payton*, 6th Dist. Erie No. E-09-070, E-09-071, 2010-Ohio-5178, ¶ 11.

> **'Where a defendant enters a plea of guilty in exchange for the prosecutor's promise to recommend probation, an implied condition exists that circumstances surrounding the bargain will**

> **remain substantially the same, and a subsequent change is sufficient to relieve the state of its obligation.'** *State v. Hill*, 10th Dist. Franklin No. 12AP-463, 2013-Ohio-674, ¶ 20, quoting *State v. Pascall*, 49 Ohio App.2d 18, 358 N.E.2d 1368, (9th Dist. 1972) at the syllabus.

"Additional misconduct during incarceration represents a substantial change in circumstances from when the plea agreement was executed." *State v. Dowler*, 4th Dist. Athens No. 15CA7, 2015-Ohio-5027, ¶ 26.

{¶18} Notably, "trial courts generally are not a party to the plea negotiations and the contract itself." *State v. Kocak*, 2016-Ohio-8483, 79 N.E.3d 127, ¶ 20 (7th Dist.). For this reason, "[t]t is well-established law that a trial court is not bound to accept a sentence recommendation proffered by the prosecution." *State v. Kitzler*, 3d Dist. Wyandot No. 16-02-06, 2002-Ohio-5253, ¶ 9. Thus,

> **'[a] trial court does not err by imposing a sentence greater than that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'**

*State v. Oakley*, 3d Dist. Logan No. 8-19-06, 2019-Ohio-2487, ¶ 12, quoting *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 6.

{¶19} "Whether a party to a plea agreement breached the terms and obligations of the agreement is a matter entrusted to the sound discretion of the trial court, which will not be disturbed absent an abuse of discretion." *State v. Harrington*, 3d Dist. Logan No. 8-20-37, 2021-Ohio-343, ¶ 10, quoting *State v. Tite*, 6th Dist. Huron No. H-12-017, 2013-Ohio-1361, ¶ 10. *See also State v. Flowers*,

2d Dist. Montgomery No. 22751, 2009-Ohio-1945, ¶ 6; *State v. Adams*, 2014-Ohio-724, 8 N.E.3d 984, ¶ 15 (7th Dist.); *State v. Perez*, 8th Dist. Cuyahoga No. 111296, 2023-Ohio-83, ¶ 23; *State v. Cortes*, 11th Dist. Ashtabula Nos. 2022-A-0019, 2022-A-0020, 2022-Ohio-3973, ¶ 26. *But see State v. Blair*, 4th Dist. Scioto No. 11CA3429, 2012-Ohio-769, ¶ 16 (applying a de novo standard to this determination).

*Legal Analysis*

**{¶20}** In this case, Santiago argues that the State violated the terms of the negotiated plea agreement. He asserts that the State was obligated to recommend that he remain on community control at his resentencing hearings. This recommendation was subject to an express condition that he "successfully complete the Racing for Recovery program." June 3 Tr. 3. At the resentencing hearing, a letter from the director of operations at Racing for Recovery was presented. June 13 Tr. 10-11. This letter indicated that Santiago had a number of behavioral issues in this program; that he needs further mental health support; but that he would not be allowed to receive that support at Racing for Recovery. *Id*. at 11.

**{¶21}** On appeal, Santiago argues that this letter should not be taken as an indication that he did not successfully complete the Racing for Recovery program. For this reason, he would have this Court find that he did not violate the State's express condition; that the prosecution was still obligated to recommend community control at his resentencing hearings; and that the State breached the plea agreement.

However, to decide this appeal, we ultimately do not need to reach the question of whether Santiago technically violated or complied with the State's express condition that he successfully complete the Racing for Recovery program.

**{¶22}** As an initial matter, the Defense did not formally object over the issue of whether the State was in compliance with the plea agreement and did not, therefore, prompt a ruling from the trial court on this matter. The determination as to whether a party has breached a plea agreement is a matter that lies within the sound discretion of the trial court. *Harrington, supra*, at ¶ 10. In this appeal, we do not have a ruling on this matter to review. For this reason, we will examine this issue for plain error only. *See State v. Montgomery*, 2008-Ohio-4753, 970 N.E.2d 999, ¶ 15 (2d Dist.); *State v. Watkins*, 6th Dist. Lucas No. L-15-1213, 2016-Ohio-5756, ¶ 9; *State v. Hansen*, 7th Dist. Mahoning No. 11 MA 63, 2012-Ohio-4574, ¶ 15; *State v. Dudas*, 11th Dist. Lake Nos. 2006-L-267, 2006-L-268, 2007-Ohio-6739, ¶ 93; *State v. Bell*, 8th Dist. Cuyahoga No. 92037, 2009-Ohio-2138, ¶ 11.

**{¶23}** "Under the Ohio Rules of Criminal Procedure, '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *State v. Elliott*, 2022-Ohio-3778, 199 N.E.3d 944, ¶ 75 (3d Dist.), quoting Crim.R. 52(B).

> **"In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'"** *State v. Bowsher*, **3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 12, quoting** *State v. Barnes*, **94 Ohio St.3d 21, 27, 759**

> **N.E.2d 1240 (2002). 'The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise.' *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23, quoting *Long, supra*, at paragraph three of the syllabus.**

*State v. Eitzman*, 3d Dist. Henry No. 7-21-03, 2022-Ohio-574, ¶ 42, quoting *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 17. Under Crim.R. 52(B), "the *defendant* bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

**{¶24}** In this case, the trial court expressed concern about Santiago's extensive criminal history at the very first sentencing hearing in Case No. 19-CR-13735 on February 24, 2020 when discussing the terms of the joint recommendation. Feb. 24 Tr. 9. After Santiago committed two offenses while on community control, the State again recommended that he receive only community control at the plea hearing and initial sentencing hearing in Case No. 21-CR-14242. June 9 Tr. 3. Despite this recommendation, the trial court found that Santiago was "no longer amenable to any community control sanction" in Case No. 19-CR-13725 and in Case No. 21-CR-14242. Doc. 32B. *See* Doc. 57A.

**{¶25}** Subsequently, a resentencing hearing was held on June 13, 2022 only because an equipment failure prevented a record of the prior sentencing hearing

from being created. June 13 Tr. 3. During this initial resentencing hearing, the Defense requested a continuance to obtain some recommendation letters for Santiago. *Id*. at 13. The trial court granted the continuance but stated the following:

> **I still don't know that that's the reason he should be continued on community control because he already had a substantial opportunity being placed on community control for two very serious offenses and then he goes out and commits two more felonies while on community control.**

*Id*. This statement came after the trial court had already found that Santiago was not amenable to community control in its judgment entries in both cases from the prior sentencing hearing. Doc. 57A, 32B. Given these facts, there is no indication that the trial court would not have imposed a prison sentence had the State again recommended community control at the resentencing hearing. Thus, Santiago has not established that but for his complained of error, the outcome of the proceeding clearly would have been otherwise. Accordingly, there is no plain error. *See State v. Hartley*, 3d Dist. Hancock No. 5-14-04, 2014-Ohio-4536, ¶ 9, 13.

{¶26} In conclusion, the Ohio Supreme Court has stated that "[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long, supra*, at 532. The facts of this case do not present a manifest miscarriage of justice as Santiago has not even raised an argument that would indicate that he suffered any prejudice in this case. His sole assignment of error is overruled.

*Conclusion*

**{¶27}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Defiance County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**MILLER, P.J. and ZIMMERMAN, J., concur.**

**/hls**